ORIGINAL

RECEIVED - CLERK
U.S. DISTRICT COURT

2003 JUL -9  A 10: 46

FILED

... 0 × 2003

AT 8:30
WILLIAM T WALSH CLERK

Lenora M. Lapidus (LL-6592)
Women's Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, New York 10004
(212) 519-7816
Attorneys for Plaintiffs
Mei Ying Liu and Shu Fang Chen

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MEI YING LIU and SHU FANG CHEN,<br><br>Plaintiff,<br><br>v.<br><br>ORIENTAL BUFFET, INC., d/b/a KING CHEF BUFFET; METROPOLITAN BUFFET CORPORATION, d/b/a METROPOLITAN BUFFET; AN NA ZHENG; XIAO YANG ZHENG; BEN LIANG ZHU; FRANK CHAN, a/k/a KAI TUNG CHEN, a/k/a KAI TONG CHEN, a/k/a KAI CHIANG CHAN, a/k/a KAI CHEUNG CHAN, a/k/a KAI CHEONG CHAN; and DE GI CHING, a/k/a TEH QI CHING, a/k/a JIMMY CHING,<br><br>Defendants. | Civil Action No. 03-2406 (KSH)<br><br>Honorable Katharine S. Hayden, U.S.D.J.<br><br><br>**AFFIDAVIT OF ALIX R. RUBIN**<br>**IN SUPPORT OF REQUEST FOR**<br>**ENTRY OF DEFAULT** |

STATE OF NEW JERSEY )
                   : ss:
COUNTY OF ESSEX    )

      ALIX R. RUBIN, of full age, being duly sworn, deposes and says:

      1.     I am counsel of the firm of Lowenstein Sandler PC, co-counsel for Plaintiffs Mei

Ying Liu and Shu Fang Chen ("Plaintiffs") in the above-captioned matter.

      2.     I make this affidavit, based on my personal knowledge and review of the relevant

documents, in support of Plaintiffs' request for entry of default against Defendants Oriental

Buffet, d/b/a King Chef Buffet ("King Chef"); An Na Zheng; Xioa Yang Zheng; Ben Liang Zhu; Frank Chan; and Kai Tung Chen, pursuant to Federal Rule of Civil Procedure 55(a).

3.      On May 22, 2003, Plaintiffs commenced this action by filing a Complaint against Defendants King Chef, An Na Zheng, Xioa Yang Zheng, Ben Liang Zhu, Frank Chan, Kai Tung Chen, and Jimmy Ching, seeking monetary damages, declaratory relief, equitable relief, and attorneys' fees and costs for numerous labor law violations, acts of discrimination, and housing Plaintiffs in conditions that violate the public policy of New Jersey. Attached as Exhibit A is a true copy of the Complaint.

4.      On June 3, 2003, service of the Summons, Complaint, Civil Cover Sheet, and Notice of Allocation and Assignment was effected with respect to Defendants King Chef, An Na Zheng, Xioa Yang Zheng, Ben Liang Zhu, Frank Chan, and Kai Tung Chen by personally serving a person authorized to accept service, owner Chen Qi Xiong, at 777 Hamburg Turnpike, Wayne, New Jersey. Attached as Exhibit B is a true copy of the Affidavit of Service filed with the Court on June 20, 2003, with the Affidavits of Service for Defendants King Chef, An Na Zheng, Xioa Yang Zheng, Ben Liang Zhu, Frank Chan, and Kai Tung Chen attached.

5.      The time within which Defendants King Chef, An Na Zheng, Xioa Yang Zheng, Ben Liang Zhu, Frank Chan, and Kai Tung Chen were required to file an answer or otherwise move as to the Complaint expired on June 23, 2003. Defendants King Chef, An Na Zheng, Xioa Yang Zheng, Ben Lian Zhu, Frank Chan, and Kai Tung Chen have not answered or otherwise moved, and the time for these Defendants to answer or otherwise move has not been extended.

6.      On June 11, 2003, Plaintiffs filed a First Amended Complaint against Defendants King Chef; Metropolitan Buffet Corporation, d/b/a Metropolitan Buffet; An Na Zheng; Xiao Yang Zheng; Ben Liang Zhu; Frank Chan, a/k/a Kai Tung Chen, a/k/a Kai Chiang Chan, a/k/a Kai Cheung Chan, a/k/a Kai Cheong Chan; and De Gi Ching, a/k/a Teh Qi Ching, a/k/a Jimmy Ching. A true copy of the First Amended Complaint is attached as Exhibit C.

7.    Also on June 11, 2003, the Court issued a Summons for each of the Defendants named in the First Amended Complaint. However, to date, despite numerous attempts, plaintiffs have not been able to serve these Summonses and the First Amended Complaint on any of these Defendants.

8.    Therefore, in accordance with Federal Rule of Civil Procedure 55(a), default should be entered against defendants King Chef, An Na Zheng, Xioa Yang Zheng, Ben Liang Zhu, Frank Chan, and Kai Tung Chen on the original Complaint.

Alix R. Rubin (ARR-6732)

Sworn and subscribed to before me this _8th_ day of July 2003.

**ANDREA M. AMOROSI**
**A Notary Public Of New Jersey**
**My Commission Expires March 11, 2007**

-3-

Lenora M. Lapidus (LL-6592)
Women's Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
212-519-7816
Attorney for Plaintiffs
See signature page for additional attorneys for Plaintiffs



5-22-03

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MEI YING LIU and
SHU FANG CHEN,

     Plaintiffs,

     v.

ORIENTAL BUFFET, INC., d/b/a KING
CHEF BUFFET,
AN NA ZHENG,
XIOA YANG ZHENG,
BEN LIANG ZHU,
FRANK CHAN,
KAI TUNG CHEN, and
JIMMY CHING,

     Defendants.

**COMPLAINT AND
JURY DEMAND**

03 - 2406
(KSH)

## PRELIMINARY STATEMENT

1. This is an action brought on behalf of Mei Ying Liu and Shu Fang Chen, Fujianese women who worked as waitresses at King Chef, a Chinese restaurant located at 777 Hamburg Turnpike in Wayne, New Jersey. Plaintiffs were exploited to an extraordinary degree by Defendants, their employers and landlords. Plaintiffs were paid no base wage, were required

to give a cash payment to Defendants for the privilege of working at King Chef, were treated in a discriminatory manner based on their ethnicity and sex, were housed in substandard conditions, and were threatened by Defendants when they resigned from their employment.

2. Although Plaintiffs received tips from customers, they were not paid any base wage by their employer and were not paid overtime, in violation of the Fair Labor Standards Act and New Jersey labor laws. They were required to perform kitchen preparation and other "side work," for which they received no wages and no tips. Plaintiffs also were required to pay $15 to $18 daily to their employer as a "kickback," and a portion of their tips were diverted to Defendants, in violation of New Jersey labor laws. Because they are Fujianese women, fewer and smaller tip-paying tables were given to Plaintiffs than to male waiters from northern China. As Fujianese women, Plaintiffs were treated in a discriminatory manner by Defendants, in violation of federal and state civil rights laws. When Plaintiffs resigned from their positions, they and their families were threatened by Defendants. Additionally, Plaintiffs were housed in an employer-provided apartment in conditions that violate the public policy of the state of New Jersey.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337. In particular, this Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b), which permits employees to bring civil actions in courts of appropriate jurisdiction to recover damages for an employer's failure to pay the minimum wage and overtime wages, and 29 U.S.C. § 1981, addressing the equal rights of all persons in the United States to make and enforce contracts. This Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

2

4.  Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this district, and the corporate defendant is subject to personal jurisdiction in this district.

## PARTIES

5.  Plaintiff Mei Ying Liu is an adult woman of Fujianese ethnicity residing in New York, New York. Plaintiff Liu worked at King Chef from approximately May 2000 until November 11, 2001.

6.  Plaintiff Shu Fang Chen is an adult woman of Fujianese ethnicity residing in Kissimmee, Florida. Plaintiff Chen worked at King Chef from approximately July 10, 2001 until November 11, 2001.

7.  On information and belief, Oriental Buffet, Inc., d/b/a King Chef ("King Chef") is a corporation doing business in the State of New Jersey, with a primary location at 777 Hamburg Turnpike in Wayne, New Jersey.

8.  On information and belief, An Na Zheng, Xiao Yang Zheng, Ben Liang Zhu, Frank Chan, and Kai Tung Chan, each with the business address of 777 Hamburg Turnpike in Wayne, New Jersey, are the managers, shareholders, and owners of King Chef and had knowledge of, committed, and permitted the actions, practices, and policies complained of herein. Defendant Frank Chan resides at 3 Graypebble Circle in Silerville, New Jersey.

9.  On information and belief, Jimmy Ching, with a business address of 777 Hamburg Turnpike in Wayne, New Jersey, was the head waiter of King Chef and had knowledge of and committed the actions, practices, and policies complained of herein.

## STATEMENT OF FACTS

10. Plaintiffs are from Fuchow, a region within the Fujian province on the southeastern coast of China. They speak Fuchow, a distinct dialect of the Fujian language. While Plaintiffs communicate primarily in Fuchow, they are also able to communicate in Mandarin.

11. Plaintiffs worked as waitresses at King Chef. They served customers at tables, performed kitchen preparation work, such as making dumplings and preparing vegetables, and also performed "side work," such as wiping the buffet, polishing brass fixtures, and filling salt and pepper shakers, among other duties.

12. While employed at King Chef, Plaintiffs did not receive any wages from Defendants. Their only income was gratuities from customers.

13. In addition to not paying a base wage as required by law, Defendants did not inform Plaintiffs that their wages were reduced in accordance with the federal statutory provision applicable to tipped employees.

14. Beginning in September 2000, Plaintiff Liu received a check for each week that she worked at King Chef. In exchange for the checks, however, Plaintiff Liu paid in cash an equal amount to Defendant An Na Zheng. That is, when Defendant An Na Zheng gave Plaintiff Liu a check for $13.80, Plaintiff Liu paid $13.80 in cash to Defendant An Na Zheng.

15. Until about October 25, 2001, Plaintiffs each worked six days per week. They worked on Fridays, Saturdays, and four additional days during the week. After about October 25, 2001, they worked for a total of five days per week—Fridays, Saturdays, and three additional week days.

16. Until about October 25, 2001, Plaintiffs worked approximately 80 hours per week. After about October 25, 2001, Plaintiffs worked about 65 hours per week.

17. On weekdays, Plaintiffs worked from about 10 a.m. until about 11 p.m. On weekends, they worked from about 10 a.m. until about 11:30 p.m. About every second weekend, Plaintiffs were required to work at King Chef until approximately 1:30 a.m. for one night, polishing brass fixtures.

18. Plaintiffs ate all their meals at King Chef, but were given only a few minutes to eat their meals.

19. Plaintiffs usually did not eat breakfast. If they had time to eat breakfast, they ate while standing and continued to work.

20. Plaintiffs had about 10 to 20 minutes to eat lunch, and about 10 minutes to eat dinner. Defendants often rushed Plaintiffs through these meals and pressured them to perform side work instead of taking time to eat.

21. During their meals, Plaintiffs were required to attend to any customers that were seated at their tables.

22. Plaintiffs were required to give a cash payment ("kickback") to their employer each day they worked at King Chef.

23. From May 2000 until approximately March 2001, Plaintiff Liu paid an $18 daily kickback directly to Defendant An Na Zheng. Beginning in approximately March 2001, the amount of the daily kickback was reduced to $15. Plaintiff Liu then gave the $15 daily kickback to the head waiter, Defendant Ching.

24. Plaintiff Liu was sometimes required to pay a higher daily kickback. If a co-worker did not come to work, the other employees were required to make up for the co-worker's kickback by splitting the amount between them.

25. Plaintiff Chen was required to pay a $15 daily kickback to Defendant Ching.

26. Defendants diverted tips due to Plaintiffs for the use of Defendants.

27. Defendant An Na Zheng sometimes required Plaintiffs to pay for customers' bills, even if the customers had already paid. Plaintiffs were required to pay customers' bills when a customer paid at the cashier directly, not at the table where he or she dined, and when the customer left with the check after paying. The customers' bills were deducted from Plaintiffs' tips.

28. When customers wrote a tip amount on a credit card receipt, Defendant An Na Zheng gave the Plaintiffs a lower amount than what had been indicated as a tip on the credit card receipt. Defendant An Na Zheng also withheld tips from some credit card receipts altogether.

29. Plaintiff Liu was fined for minor mistakes she was accused of making. Fines were deducted from Plaintiff Liu's tips.

30. Defendants hindered a wage and hour investigation of King Chef that was conducted by the New Jersey Department of Labor (DOL).

31. During one of the DOL visits to King Chef, in approximately late October 2001, Plaintiff Liu and other employees spoke with the DOL investigator. Plaintiff Liu was instructed by Defendants what to say to the investigator, and Defendant An Na Zheng listened to the conversation.

32. Plaintiff Liu believed that if she told the inspector information other than what Defendant An Na Zheng instructed her to say, Defendants would terminate her employment.

33. After the October 2001 DOL investigation, Defendants told Plaintiffs and other employees that they would receive a salary of $3 per hour. Plaintiffs, however, did not receive wages from Defendants.

34. Instead of being paid wages as required by law, after the October 2001 DOL investigation, Plaintiffs were told that they owed money to the Defendants for back rent, meals, utilities, and other expenses.

6

35. This was the first time Plaintiffs had heard about these expenses. They were not informed of any deductions in advance, and they never agreed to such deductions.

36. After the October 2001 DOL investigation, a time-card system was instituted at King Chef. Defendants either filled in hours on the time cards, or instructed Plaintiffs what hours to write on the time cards. Plaintiffs and other employees worked more hours than what was reflected on the time cards.

37. After the October 2001 DOL investigation, a three-hour afternoon "break" was instituted. However, Plaintiffs and other employees stayed at the restaurant during this break and continued working.

38. Although Plaintiffs were not required to stay at the restaurant during the "break," Plaintiffs had no means of transportation, were unfamiliar with the surrounding area, and were told to perform side work.

39. Plaintiffs were not given tip-paying tables to wait on during the "break" and were not paid a wage, even though they performed side work, such as filling salt shakers and polishing the brass buffet, during this time.

40. After the October 2001 DOL investigation, Plaintiffs' schedules were reduced from six days per week to five days per week.

41. Plaintiffs, Fujianese women, suffered unequal terms and conditions of employment, as compared to northern Chinese male employees, because of their ethnicity and sex.

42. All the female employees at King Chef were from Fujian, a province in the south of China, while all but one of the male employees were from the north of China. The primary language spoken by Plaintiffs is a dialect of Fujian, while the primary language of the male employees from northern China is Mandarin.

43. Male waiters from the north of China received more tables, larger tables, and tables with better-tipping customers than Plaintiffs and other Fujianese female waitresses.

44. If a customer specifically asked to be seated at a table in one of the Plaintiffs' sections, Defendants refused to seat the customer in the waitress's section if it was a customer who tipped well. Defendant Ching and other northern Chinese male waiters were given these tables.

45. During the "break," only Defendant Ching and other northern Chinese male waiters were given tables to wait on—and the tips associated with the tables—while Plaintiffs and other Fujianese women were required to perform side work, for which they received no compensation.

46. Due to the discriminatory seating policy, Plaintiffs earned less in tips—the only income for all King Chef wait staff—than did the male waiters from northern China.

47. Defendant An Na Zheng verbally abused Plaintiffs and other Fujianese women employees. She frequently yelled, "You're not educated!" and, "You're so dumb and stupid!" at Plaintiffs.

48. Defendant An Na Zheng criticized the English capabilities of the Fujianese women, but not of the men from northern China, even though their capabilities were equivalent.

49. The work of Fujianese women was scrutinized more closely than the work of northern Chinese men. Plaintiffs were verbally abused for the quality of their work. Male waiters from northern China, whose quality of work was similar to that of the Plaintiffs, were not verbally abused.

50. Plaintiffs lived in housing that was maintained by Defendants, the conditions of which violate the public policy of New Jersey.

8

51. The King Chef apartment housed approximately seven women in one bedroom, three men in a second bedroom, and four to six people in a combined kitchen/living room area.

52. The King Chef apartment was overcrowded and dirty. It was infested with vermin, including cockroaches, and was occasionally without electricity or running water.

53. While Plaintiffs were not required to stay in the King Chef apartment, their permanent homes were located in New York City. The Defendant-provided housing had been offered to Plaintiffs as an incentive to work at King Chef, which was located far from their homes in New York.

54. Plaintiffs and other King Chef employees were picked up at the King Chef apartment each morning and driven back to the King Chef apartment each night.

55. Defendants threatened Plaintiffs and their families when Plaintiffs resigned from their positions at King Chef.

56. Plaintiffs experienced much pressure as waitresses at King Chef. The combination of not receiving wages for their work, having their tips diverted, being required to pay for customers' bills, and suffering discriminatory and verbally abusive treatment made the working conditions unbearable. Plaintiffs felt that they had to leave King Chef.

57. Plaintiffs Liu and Chen resigned at the same time. When they resigned, Defendant An Na Zheng warned the Plaintiffs that they should consider the consequences of any action they may take because they have families and children. Defendant Xioa Yang Zheng stood by as Defendant An Na Zheng made this threat.

58. Plaintiffs took this threat seriously, because they had reason to believe that Defendants had hired individuals to threaten and intimidate other former King Chef employees who had filed a civil action for labor law and other violations in this Court, titled <u>Wu v. Oriental Buffet,</u>

Inc., Civil Action No. 00-4482 (KSH). In addition, Plainitiff Liu overheard Defendant An Na

Zheng say that a life in Chinatown was worth $10,000 to $20,000.

59. After they stopped working at the restaurant, Plaintiffs received checks that were backdated

for dates when Plaintiffs Liu and Chen had worked at the restaurant. The checks range in

amount from $26.07 to $40.29. No explanation accompanied the checks.

## FIRST CLAIM FOR RELIEF

## FAIR LABOR STANDARDS ACT

60. The allegations in paragraphs 1 through 59 are repeated as if fully stated herein.

61. Defendants willfully refused to pay Plaintiffs the applicable minimum hourly wage in

violation of the Fair Labor Standards Act, 29 U.S.C. §§ 206(a)(1), 203(m).

62. Defendants willfully refused to pay Plaintiffs overtime compensation at rates not less than

one and one-half times the regularly paid wages or minimum rate of pay for each hour

worked in excess of forty hours per workweek, in violation of 29 U.S.C. § 207(a)(2).

63. Defendants' willful violations of the Fair Labor Standards Act entitle Plaintiffs to recovery

for their unpaid minimum wages, unpaid overtime compensation, an equivalent amount as

liquidated damages, and reasonable attorneys' fees and costs of the action, pursuant to 29

U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

## NEW JERSEY WAGE AND HOUR LAW

64. The allegations in paragraphs 1 through 63 are repeated as if fully stated herein.

65. Defendants intentionally refused to pay Plaintiffs the required minimum wage, in violation of

N.J.S.A. § 34:11-56a4.

66. Defendants intentionally refused to pay Plaintiffs proper overtime wages at one and one-half times the regularly paid wages or minimum wage and failed to keep proper wage and hour records, in violation of N.J.S.A. § 34:11-56a4.

67. Defendants' willful violations of the New Jersey Wage and Hour Law entitle Plaintiffs to recover their unpaid minimum wages, unpaid overtime compensation, and reasonable attorneys' fees and costs of the action, pursuant to N.J.S.A. § 34:11-56a25.

## THIRD CLAIM FOR RELIEF

## EQUAL PAY ACT

68. The allegations in paragraphs 1 through 67 are repeated as if fully stated herein.

69. The Defendants willfully discriminated against Plaintiffs by giving them fewer and smaller tip-paying tables than male employees, thereby ensuring that Plaintiffs received significantly lower wages than male employees, in violation of the Equal Pay Act, 29 U.S.C. § 206(d)(1).

70. Defendants' willful violation of the Equal Pay Act entitles Plaintiffs to recovery of the differential in tips as compared to the male employees, an equivalent amount as liquidated damages, and reasonable attorneys' fees and costs of the action, pursuant to 29 U.S.C. § 216(b).

## FOURTH CLAIM FOR RELIEF

## NEW JERSEY EQUAL PAY ACT

71. The allegations in paragraphs 1 through 70 are repeated as if fully stated herein.

72. The Defendants willfully discriminated against Plaintiffs by giving them fewer and smaller tip-paying tables than male employees, thereby ensuring that Plaintiffs received significantly

11

lower wages than male employees, in violation of the New Jersey Equal Pay Act, N.J.S.A. §
34:11-56.2.

73. Defendants' willful violation of the New Jersey Equal Pay Act entitles Plaintiffs to recovery
of the differential in tips as compared to the male employees, an equal amount as liquidated
damages, and reasonable attorneys' fees and costs of the action, pursuant to N.J.S.A. § 34:11-
56.8.

## FIFTH CLAIM FOR RELIEF

## NEW JERSEY LABOR LAW

74. The allegations in paragraphs 1 through 73 are repeated as if fully stated herein.

75. Defendants willfully diverted tips that were due to Plaintiffs for the use of Defendants, in
violation of N.J.S.A. § 34:11-4.14(a).

76. Defendants willfully withheld and diverted Plaintiffs' wages, in violation of N.J.S.A. §
34:11-4.4.

77. Defendants' willful violations of the New Jersey prohibitions against diversion and
withholding of wages and tips entitle Plaintiffs to the wages and tips that were diverted to
and withheld by Defendants, pursuant to N.J.S.A. § 34:11-4.14(b).

## SIXTH CLAIM FOR RELIEF

## CIVIL RIGHTS

78. The allegations in paragraphs 1 through 77 are repeated as if fully stated herein.

79. Defendants willfully denied Plaintiffs, of Fujianese origin, the same right to make and
enforce contracts as enjoyed by employees from the north of China, in violation of 42 U.S.C.
§ 1981.

80. Defendants' violation of Plaintiffs' equal rights to make and enforce contracts entitles Plaintiffs to compensatory damages, punitive damages, attorneys' fees and costs, and any other equitable relief this Court deems appropriate.

## SEVENTH CLAIM FOR RELIEF

## NEW JERSEY LAW AGAINST DISCRIMINATION

81. The allegations in paragraphs 1 through 80 are repeated as if fully stated herein.

82. Defendants intentionally discriminated against Plaintiffs because of their national origin and because of their sex, in violation of N.J.S.A. § 10:5-12.

83. Defendants' willful violation of Plaintiffs' civil rights entitles Plaintiffs to compensatory damages, punitive damages, attorneys' fees and costs, and any other equitable relief this Court deems appropriate, pursuant to N.J.S.A. §§ 10:5-13, 10:5-27.1.

## EIGHTH CLAIM FOR RELIEF

## REPRISALS: NEW JERSEY LAW AGAINST DISCRIMINATION

84. The allegations in paragraphs 1 through 83 are repeated as if fully stated herein.

85. Defendants' threats against Plaintiffs and their families when Plaintiffs resigned from their employment at King Chef constitute reprisals prohibited by the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-12(d).

86. Defendants' reprisals against Plaintiffs and their families entitle Plaintiffs to compensatory damages, punitive damages, attorneys' fees and costs, and any other equitable relief this Court deems appropriate, pursuant to N.J.S.A. §§ 10:5-13, 10:5-27.1.

13

## NINTH CLAIM FOR RELIEF

## NEW JERSEY PUBLIC POLICY

87. The allegations in paragraphs 1 through 86 are repeated as if fully stated herein.

88. Defendants housed Plaintiffs in company housing that was primarily for the benefit of the
Defendants, the conditions of which violate New Jersey public policy, pursuant to N.J.S.A.
§§ 34:9A et seq., 2A:42 et seq.; N.J.A.C. § 12:56-8.6; 29 U.S.C. § 1823.

89. Defendants' housing of Plaintiffs in conditions that violate the public policy of New Jersey
entitles Plaintiffs to declaratory relief and other equitable relief this Court deems appropriate.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that this Court grant the following relief:

    a. Declare that Defendants have violated federal and state minimum wage and overtime
laws by not paying Plaintiffs a base wage or overtime pay during their employment at
King Chef;

    b. Declare that Defendants violated the New Jersey and federal Equal Pay Acts by
steering fewer and smaller tip-paying tables to Plaintiffs, because of their sex;

    c. Declare that Defendants violated New Jersey state prohibitions against diverting and
withholding wages and tips of the Plaintiffs;

    d. Declare that Defendants violated Plaintiffs' civil rights under federal and state law by
treating Plaintiffs differently from male and non-Fujianese employees based on their
national origin and sex;

    e. Declare that Defendants violated Plaintiffs' civil rights under New Jersey law by
threatening Plaintiffs and their families;

f.  Declare that Defendants violated the public policy of New Jersey by housing

Plaintiffs in a substandard apartment;

g.  Award compensatory damages to Plaintiffs in an amount to be determined at trial;

h.  Award punitive damages to Plaintiffs in an amount to be determined at trial;

i.  Order Defendants to pay reasonable attorneys' fees and costs; and

j.  Grant such other and further relief as this Court deems just and proper under the

circumstances.

Date: *May 22, 2003*                               Respectfully submitted,

*Lenora M. Lapidus*

Lenora M. Lapidus (LL-6592)
Jennifer Arnett Lee
Women's Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-519-7816
Fax: 212-549-2580

Edward M. Barocas (EB-8251)
American Civil Liberties Union of
New Jersey Foundation
35 Halsey Street, Suite 4B
Newark, NJ 07102
Tel: 973-642-2084
Fax: 973-642-6523

Alix R. Rubin (ARR-6732)
Lowenstein Sandler, PC
65 Livingston Avenue
Roseland, NJ 07068-1791
Tel: 973-597-2492
Fax: 973-597-2493
          On behalf of the ACLU-NJ

**ATTORNEYS FOR PLAINTIFFS**

15

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues.

Date: _May 22, 2003_               _Lenora M. Lapidus_

Lenora M. Lapidus (LL-6592)
Jennifer Arnett Lee
Women's Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-519-7816
Fax: 212-549-2580

Edward M. Barocas (EB-8251)
American Civil Liberties Union of
New Jersey Foundation
35 Halsey Street, Suite 4B
Newark, NJ 07102
Tel: 973-642-2084
Fax: 973-642-6523

Alix R. Rubin (ARR-6732)
Lowenstein Sandler, PC
65 Livingston Avenue
Roseland, NJ 07068-1791
Tel: 973-597-2492
Fax: 973-597-2493
          On behalf of the ACLU-NJ

## ATTORNEYS FOR PLAINTIFFS

16

# CERTIFICATION UNDER LOCAL CIVIL RULE 10.1

Counsel for Plaintiffs do not include the street addresses of Mei Ying Liu and Chen Shu

Fang in the complaint due to the threats that Plaintiffs received upon their resignations from

King Chef, as detailed herein. Defendants hired individuals to threaten and intimidate other

former King Chef employees who filed a civil action against King Chef and related defendants.

Because Plaintiffs fear that Defendants will undertake similar measures against them and their

families, Plaintiffs' street addresses are not included in herein.


Date: *May 22, 2003*

*Lenora M. Lapidus*

Lenora M. Lapidus (LL-6592)
Jennifer Arnett Lee
Women's Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-519-7816
Fax: 212-549-2580

Edward M. Barocas (EB-8251)
American Civil Liberties Union of
New Jersey Foundation
35 Halsey Street, Suite 4B
Newark, NJ 07102
Tel: 973-642-2084
Fax: 973-642-6523

Alix R. Rubin (ARR-6732)
Lowenstein Sandler, PC
65 Livingston Avenue
Roseland, NJ 07068-1791
Tel: 973-597-2492
Fax: 973-597-2493
            On behalf of the ACLU-NJ

## ATTORNEYS FOR PLAINTIFFS

## CERTIFICATION UNDER LOCAL CIVIL RULE 11.2

This matter is not the subject of any other action pending in any court, or any pending arbitration

or administrative proceeding. However, a closely related matter is currently pending in the

United States District Court for the District of New Jersey before the Honorable Katharine S.

Hayden, U.S.D.J.: <u>Wu v. Oriental Buffet, Inc.</u>, 00-4482 (KSH).


Date: *May 22, 2003*                    *Lenora M. Lapidus*

                              Lenora M. Lapidus (LL-6592)
                              Jennifer Arnett Lee
                              Women's Rights Project
                              American Civil Liberties Union Foundation
                              125 Broad Street, 18th Floor
                              New York, NY 10004
                              Tel: 212-519-7816
                              Fax: 212-549-2580

                              Edward M. Barocas (EB-8251)
                              American Civil Liberties Union of
                              New Jersey Foundation
                              35 Halsey Street, Suite 4B
                              Newark, NJ 07102
                              Tel: 973-642-2084
                              Fax: 973-642-6523

                              Alix R. Rubin (ARR-6732)
                              Lowenstein Sandler, PC
                              65 Livingston Avenue
                              Roseland, NJ 07068-1791
                              Tel: 973-597-2492
                              Fax: 973-597-2493
                                  On behalf of the ACLU-NJ

                              **ATTORNEYS FOR PLAINTIFFS**



**LOWENSTEIN SANDLER PC**
Attorneys At Law
Alix R. Rubin (ARR-6732)
65 Livingston Avenue
Roseland, New Jersey 07068
Tel.: 973.597.2492
Fax: 973.597.2493
On behalf of the ACLU-NJ



Edward M. Barocas (EB-8251)
American Civil Liberties Union of New Jersey Foundation
35 Halsey Street, Suite 4B
Newark, NJ 07102
Tel.: 973.642.2084
Fax: 973.642.6523
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

MEI YING LIU and SHU FANG CHEN,

      Plaintiffs,

v.

ORIENTAL BUFFET, INC., d/b/a KING
CHEF BUFFET; METROPOLITAN BUFFET
CORPORATION, d/b/a METROPOLITAN
BUFFET; AN NA ZHENG; XIAO YANG
ZHENG; BEN LIANG ZHU; FRANK CHAN,
a/k/a KAI TUNG CHEN, a/k/a KAI TONG
CHEN, a/k/a KAI CHIANG CHAN, a/k/a KAI
CHEUNG CHAN, a/k/a KAI CHEONG
CHAN; and DE GI CHING, a/k/a TEH QI
CHING, a/k/a JIMMY CHING,
      Defendants.

Civil Action No. 03-2406 (KSH)
Honorable Katherine S. Hayden, U.S.D.J.

### AFFIDAVIT OF SERVICE

STATE OF NEW JERSEY  :
               : SS:
COUNTY OF ESSEX      :

ALIX R. RUBIN, of full age, being duly sworn, deposes and says:

15842/2
06/19/03 1405777.01

1.    I am counsel of the firm of Lowenstein Sandler PC, co-counsel for Plaintiffs Mei Ying Liu and Shu Fang Chen in the above-captioned matter.  I am making this Affidavit of Service pursuant to Fed.R.Civ.P. 4(l).

2.    On June 3, 2003, pursuant to Fed.R.Civ.P. 4(e) and 4(h), I caused to be served, by leaving with a person authorized to accept service, a copy of a Summons and Complaint in the above-captioned matter on the following:

> Oriental Buffet, d/b/a King Chef Buffet
> An Na Zheng
> Xioa Yang Zheng
> Ben Liang Zhu
> Frank Chan
> Kai Tung Chen

3.    Attached hereto are the original Affidavits of Service executed by James Cafone, Process Server, together with a copy of the Summons for each of the above-listed defendants.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

_____
Alix R. Rubin

Sworn and Subscribed to
before me this 19th day
of June, 2003.

_____

**ANDREA M. AMOROSI**
**A Notary Public Of New Jersey**
**My Commission Expires March 11, 2007**

United States District Court
The District of New Jersey

MEI YING LIU AND SHU FANG CHEN
                    Plaintiff

vs.                                              Docket / Index # 03-2406 (KSH)

ORIENTAL BUFFET INC. D/B/A KING CHEF BUFFET ET AL
                    Defendant

                                                 **AFFIDAVIT**

Person to be served:
*Oriental Buffet Inc. D/B/A King Chef Buffet* at: *777 Hamburg*
*Turnpike, Wayne, NJ 07470*

                                                 Cost of Service Pursuant to R. 4:4-3(c)

Attorney:
Lowenstein Sandler P.C.                          $_____
50 Division Street
Somerville, NJ 08876

Papers Served:
U.S. District Court Summons & Complaint

Service Data:                                    Date: June 3, 2003   Time: 6:30 PM
Served Successfully __X__  Not Served _____

                                                                        Attempts: 0


                                                 Name of Person Served and
                                                   Relationship / Title:

_____   Delivered a copy to him / her personally

                                                 Chen Qi Xiong, Owner

_____  Left a copy with a competent household member over 14
        years of age residing therein.

__X__   Left a copy with a person authorized to accept service, e.g.
        managing agent, registered agent, etc.

Description of Person Accepting Service:
Sex: **Male**  Age: **27**  Height: **5' 8"**  Weight: **160-170 lbs**  Skin Color: **Asian**  Hair Color: **Black**

Unserved:
( )Defendant is unknown at the address furnished by the attorney
( )All reasonable inquiries suggest defendant moved to an undetermined address
( )No such street in municipality
( )No response on: _____ Date _____Time
                   _____ Date _____Time
( )Other _____ Comments or Remarks _____

Server Data:
Subscribed and Sworn to me this
___th day of _____ 2003
_____
Analise L. Esparza, Notary Public of New Jersey
My Commission Expires March 11, 2008

                        I, **James Cafone**, was at the time of service a competent adult
                        not having a direct interest in the litigation. I declare under
                        penalty of perjury that the foregoing is true and correct.


                        _____
                        James Cafone, Process Server

J & K Associates, Inc., , Somerville, NJ 08876
Phone: (908) 707-1900  Fax: (908) 704-8260

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

MEI YING LIU and SHU FANG CHEN,

      Plaintiffs

       V.

ORIENTAL BUFFET, INC., d/b/a KING
CHEF BUFFET,
AN NA ZHENG,
XIOA YANG ZHENG,
BEN LIANG ZHU,
FRANK CHAN,
KAI TUNG CHEN, and
JIMMY CHING,

      Defendants.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:     0 3 - 2 4 0 6
                       (K J H )

TO:  (Name and Address of Defendant)

ORIENTAL BUFFET, INC., d/b/a KING CHEF BUFFET,

KING CHEF BUFFET
777 HAMBURG TURNPIKE
WAYNE, NEW JERSEY  07470

      YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

LENORA M. LAPIDUS (LL-6592)
JENNIFER ARNETT LEE
WOMEN'S RIGHTS PROJECT
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 BROAD STREET, 18TH FLOOR
NEW YORK, NY  10004
212-519-7816

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**WILLIAM T. WALSH**

                                    5-29-03

CLERK                                      DATE

**DIANNE C. RICHARDS**       dc

BY DEPUTY CLERK

15842/2
05/22/2003 1379964.01

United States District Court
For The District of New Jersey

MEI YING LIU AND SHU FANG CHEN

*Plaintiff*

vs.

Docket / Index # 03-2406 (KSH)

ORIENTAL BUFFET INC. D/B/A KING CHEF BUFFET ET AL

*Defendant*

**AFFIDAVIT**

**Person to be served:**
**An Na Zheng** at: *King Chef Buffet, 777 Hamburg Turnpike, Wayne, NJ 07470*

**Attorney:**
Lowenstein Sandler P.C.
50 Division Street
Somerville, NJ 08876

Cost of Service Pursuant to R. 4:4–3(c)

$_____

**Papers Served:**
U.S. District Court Summons & Complaint

**Service Data:**
Served Successfully __X__  Not Served _____

**Date:** June 3, 2003   **Time:** 6:30 PM

**Attempts: 0**

_____ Delivered a copy to him / her personally

**Name of Person Served and Relationship / Title:**

_____ Left a copy with a competent household member over 14 years of age residing therein.

Chen Qi Xiong, Owner

__X__ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

**Description of Person Accepting Service:**
Sex: **Male**  Age: **27**  Height: **5' 8"**  Weight: **160-170 lbs**  Skin Color: **Asian**  Hair Color: **Black**

**Unserved:**
( )Defendant is unknown at the address furnished by the attorney
( )All reasonable inquiries suggest defendant moved to an undetermined address
( )No such street in municipality
( )No response on: _____ Date _____Time
_____ Date _____Time
( )Other _____ Comments or Remarks _____

**Server Data:**
Subscribed and Sworn to me this
_6th_ day of _June, 2003_

Analise D. Esparza, Notary Public of New Jersey
My Commission Expires March 11, 2008

I, **James Cafone**, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

James Cafone, Process Server

J & K Associates, Inc., , Somerville, NJ 08876
Phone: (908) 707-1900  Fax: (908) 704-8260

# UNITED STATES DISTRICT COURT

## DISTRICT OF <u>NEW JERSEY</u>

MEI YING LIU and SHU FANG CHEN,

**SUMMONS IN A CIVIL ACTION**

         Plaintiffs

           V.

**CASE NUMBER:** *03-2406 (CKSH)*

ORIENTAL BUFFET, INC., d/b/a KING
CHEF BUFFET,
AN NA ZHENG,
XIOA YANG ZHENG,
BEN LIANG ZHU,
FRANK CHAN,
KAI TUNG CHEN, and
JIMMY CHING,

         Defendants.


TO: (Name and Address of Defendant)

AN NA ZHENG,

KING CHEF BUFFET
777 HAMBURG TURNPIKE
WAYNE, NEW JERSEY  07470

        YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

LENORA M. LAPIDUS (LL-6592)
JENNIFER ARNETT LEE
WOMEN'S RIGHTS PROJECT
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 BROAD STREET, 18TH FLOOR
NEW YORK, NY  10004
212-519-7816

an answer to the complaint which is herewith served upon you, within <u>20</u> days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**WILLIAM T. WALSH**

DATE  *5-29-03*

CLERK **DIANNE C. RICHARDS**

BY DEPUTY CLERK

15842/2
05/22/2003 1379961.01

United States District Court
For the District of New Jersey

**MEI YING LIU AND SHU FANG CHEN**
                              *Plaintiff*

vs.

                              Docket / Index # 03-2406 (KSH)

**ORIENTAL BUFFET INC. D/B/A KING CHEF BUFFET ET AL**
                              *Defendant*

**Person to be served:**                                    **AFFIDAVIT**
***Xioa Yang Zheng* at:** *King Chef Buffet, 777 Hamburg Turnpike, Wayne, NJ*
*07470*

**Attorney:**                                    Cost of Service Pursuant to R. 4:4-3(c)
Lowenstein Sandler P.C.
50 Division Street                               $_____
Somerville, NJ 08876

**Papers Served:**
U.S. District Court Summons & Complaint

**Service Data:**                                **Date:** June 3, 2003  **Time:** 6:30 PM
Served Successfully __X__  Not Served _____
                                                 **Attempts: 0**

_____  Delivered a copy to him / her personally       **Name of Person Served and**
                                                        **Relationship / Title:**

_____  Left a copy with a competent household member over 14       Chen Qi Xiong, Owner
         years of age residing therein.

__X__   Left a copy with a person authorized to accept service, e.g.
         managing agent, registered agent, etc.

**Description of Person Accepting Service:**
Sex: **Male**  Age: **27**  Height: **5' 8"**  Weight: **160-170 lbs**  Skin Color: **Asian**  Hair Color: **Black**

**Unserved:**
( )Defendant is unknown at the address furnished by the attorney
( )All reasonable inquiries suggest defendant moved to an undetermined address
( )No such street in municipality
( )No response on: _____ Date _____Time
                    _____ Date _____Time
( )Other _____ Comments or Remarks _____

**Server Data:**
Subscribed and Sworn to me this
___th day of ____June, 2003____

_____
Analise L. Esparza, Notary Public of New Jersey     I, **James Cafone**, was at the time of service a competent adult
My Commission Expires March 11, 2008                not having a direct interest in the litigation. I declare under
                                                    penalty of perjury that the foregoing is true and correct.

J & K Associates, Inc., , Somerville, NJ 08876      _____
Phone: (908) 707-1900   Fax: (908) 704-8260         James Cafone, Process Server

# UNITED STATES DISTRICT COURT
## DISTRICT OF <u>NEW JERSEY</u>

MEI YING LIU and SHU FANG CHEN,

        Plaintiffs

        V.

ORIENTAL BUFFET, INC., d/b/a KING
CHEF BUFFET,
AN NA ZHENG,
XIOA YANG ZHENG,
BEN LIANG ZHU,
FRANK CHAN,
KAI TUNG CHEN, and
JIMMY CHING,

        Defendants.

SUMMONS IN A CIVIL ACTION

CASE NUMBER: $03 - 2406$
                $( )( S.H)$

TO:  (Name and Address of Defendant)

XIOA YANG ZHENG,

KING CHEF BUFFET
777 HAMBURG TURNPIKE
WAYNE, NEW JERSEY  07470

        YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

LENORA M. LAPIDUS (LL-6592)
JENNIFER ARNETT LEE
WOMEN'S RIGHTS PROJECT
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 BROAD STREET, 18TH FLOOR
NEW YORK, NY 10004
212-519-7816

an answer to the complaint which is herewith served upon you, within <u>20</u> days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. WILLIAM T. WALSH

                                 $5-29-03$

CLERK                                DATE

        DIANNE C. RICHARDS

BY DEPUTY CLERK

15842/2
05/22/2003 1379960.01

MEI YING LIU AND SHU FANG CHEN

             *Plaintiff*

   vs.

ORIENTAL BUFFET INC. D/B/A KING CHEF BUFFET ET AL

             *Defendant*

**United States District Court**
**For the District of New Jersey**

**Docket / Index # 03-2406 (KSH)**

**Person to be served:**

**Ben Liang Zhu at:** *King Chef Buffet, 777 Hamburg Turnpike, Wayner, NJ 07470*

**AFFIDAVIT**

**Attorney:**
Lowenstein Sandler P.C.
50 Division Street
Somerville, NJ 08876

Cost of Service Pursuant to R. 4:4-3(c)

$_____

**Papers Served:**
U.S. District Court Summons & Complaint

**Service Data:**
Served Successfully __**X**__   Not Served _____

**Date:** June 3, 2003   **Time:** 6:30 PM

**Attempts: 0**

____ Delivered a copy to him / her personally

_____ Left a copy with a competent household member over 14 years of age residing therein.

__X__ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

**Name of Person Served and Relationship / Title:**

Chen Qi Xiong, Owner

**Description of Person Accepting Service:**
Sex: **Male**  Age: **27**  Height: **5' 8"**  Weight: **160-170 lbs**  Skin Color: **Asian**  Hair Color: **Black**

**Unserved:**
( )Defendant is unknown at the address furnished by the attorney
( )All reasonable inquiries suggest defendant moved to an undetermined address
( )No such street in municipality
( )No response on: _____ Date _____Time
                 _____ Date _____Time
( )Other _____ Comments or Remarks _____

**Server Data:**
Subscribed and Sworn to me this
_6th_ day of _June, 2003_

Analise L. Esparza, Notary Public of New Jersey
My Commission Expires March 11, 2008

I, **James Cafone**, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

James Cafone, Process Server

**J & K Associates, Inc., , Somerville, NJ 08876**
Phone: (908) 707-1900   Fax: (908) 704-8260

# UNITED STATES DISTRICT COURT

## DISTRICT OF <u>NEW JERSEY</u>

MEI YING LIU and SHU FANG CHEN,

       Plaintiffs

       V.

ORIENTAL BUFFET, INC., d/b/a KING
CHEF BUFFET,
AN NA ZHENG,
XIOA YANG ZHENG,
BEN LIANG ZHU,
FRANK CHAN,
KAI TUNG CHEN, and
JIMMY CHING,

       Defendants.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:     *03 - 2406 (CKSH)*

TO:  (Name and Address of Defendant)

BEN LIANG ZHU,

KING CHEF BUFFET
777 HAMBURG TURNPIKE
WAYNE, NEW JERSEY  07470

       YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

LENORA M. LAPIDUS (LL-6592)
JENNIFER ARNETT LEE
WOMEN'S RIGHTS PROJECT
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 BROAD STREET, 18TH FLOOR
NEW YORK, NY 10004
212-519-7816

an answer to the complaint which is herewith served upon you, within <u>20</u> days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**WILLIAM T. WALSH**           *5-29-03*

CLERK                                 DATE

**DIANNE C. RICHARDS**

BY DEPUTY CLERK

15842/2
05/22/2003 1379958.01

United States District Court

MEI YING LIU AND SHU FANG CHEN

*Plainti*

vs.

Docket / Index # 03-2406 (KSH)

ORIENTAL BUFFET INC. D/B/A KING CHEF BUFFET ET AL

*Defendant*

## AFFIDAVIT

**Person to be served:**
*Frank Chan* at: *King Chef Buffet, 777 Hamburg Turnpike, Wayne, NJ 07470*

**Attorney:**
Lowenstein Sandler P.C.
50 Division Street
Somerville, NJ 08876

Cost of Service Pursuant to R. 4:4-3(c)

$ _____ ____

**Papers Served:**
U.S. District Court Summons & Complaint

**Service Data:**
Served Successfully __X__   Not Served _____

Date: June 3, 2003   Time: 6:30 PM

Attempts: 0

_____   Delivered a copy to him / her personally

Name of Person Served and Relationship / Title:

_____   Left a copy with a competent household member over 14 years of age residing therein.

Chen Qi Xiong, Owner

__X__   Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

**Description of Person Accepting Service:**
Sex: **Male**  Age: **27**  Height: **5' 8"**  Weight: **160-170 lbs**  Skin Color: **Asian**  Hair Color: **Black**

**Unserved:**
( )Defendant is unknown at the address furnished by the attorney
( )All reasonable inquiries suggest defendant moved to an undetermined address
( )No such street in municipality
( )No response on: _____ Date _____ Time
_____ Date _____ Time
( )Other _____ Comments or Remarks _____

**Server Data:**
Subscribed and Sworn to me this
____ day of _____, _____

_____
Analise L. Esparza, Notary Public of New Jersey
My Commission Expires March 11, 2008

I, **James Cafone**, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____
James Cafone, Process Server

J & K Associates, Inc., , Somerville, NJ 08876
Phone: (908) 707-1900  Fax: (908) 704-8260

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MEI YING LIU and SHU FANG CHEN,

SUMMONS IN A CIVIL ACTION

        Plaintiffs

        V.

CASE NUMBER:    $03 - 2406$
            $CKJH)$

ORIENTAL BUFFET, INC., d/b/a KING
CHEF BUFFET,
AN NA ZHENG,
XIOA YANG ZHENG,
BEN LIANG ZHU,
FRANK CHAN,
KAI TUNG CHEN, and
JIMMY CHING,

        Defendants.

TO: (Name and Address of Defendant)

FRANK CHAN,

KING CHEF BUFFET
777 HAMBURG TURNPIKE
WAYNE, NEW JERSEY 07470

    YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

LENORA M. LAPIDUS (LL-6592)
JENNIFER ARNETT LEE
WOMEN'S RIGHTS PROJECT
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 BROAD STREET, 18TH FLOOR
NEW YORK, NY 10004
212-519-7816

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WILLIAM T. WALSH                  $5-29-03$

CLERK                            DATE

DIANNE C. RICHARDS   dcr

BY DEPUTY CLERK

15842/2
05/22/2003 1379954.01

United States District Court
For the District of New Jersey

**MEI YING LIU AND SHU FANG CHEN**
_Plaintiff_

vs.

**Docket / Index # 03-2406 (KSH)**

**ORIENTAL BUFFET INC. D/B/A KING CHEF BUFFET ET AL**
_Defendant_

**Person to be served:**
**_Kai Tung Chen_** at: _King Chef Buffet, 777 Hamburg Turnpike, Wayne, NJ_
_07470_

**AFFIDAVIT**

**Attorney:**
Lowenstein Sandler P.C.
50 Division Street
Somerville, NJ 08876

Cost of Service Pursuant to R. 4:4-3(c)

$_____

**Papers Served:**
U.S. District Court Summons & Complaint

**Service Data:**
**Served Successfully __X__   Not Served _____**

**Date:** June 3, 2003   **Time:** 6:30 PM

**Attempts: 0**

|  | | Name of Person Served and Relationship / Title: |
|---|---|---|
| _____ | Delivered a copy to him / her personally | |
| _____ | Left a copy with a competent household member over 14 years of age residing therein. | Chen Qi Xiong, Owner |
| __X__ | Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. | |

**Description of Person Accepting Service:**
Sex: **Male**  Age: **27**  Height: **5' 8"**  Weight: **160-170 lbs**  Skin Color: **Asian**  Hair Color: **Black**

**Unserved:**
( )Defendant is unknown at the address furnished by the attorney
( )All reasonable inquiries suggest defendant moved to an undetermined address
( )No such street in municipality
( )No response on: _____ Date _____Time
                   _____ Date _____Time
( )Other _____ Comments or Remarks _____

**Server Data:**
Subscribed and Sworn to me this
_6th_ day of _June, 2005_
_Analise_____
Analise L. Esparza, Notary Public of New Jersey
My Commission Expires March 11, 2008

I, **James Cafone**, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_James Cafone_
James Cafone, Process Server

J & K Associates, Inc., , Somerville, NJ 08876
Phone: (908) 707-1900   Fax: (908) 704-8260

# UNITED STATES DISTRICT COURT

## DISTRICT OF <u>NEW JERSEY</u>

MEI YING LIU and SHU FANG CHEN,

          Plaintiffs

             V.

ORIENTAL BUFFET, INC., d/b/a KING
CHEF BUFFET,
AN NA ZHENG,
XIOA YANG ZHENG,
BEN LIANG ZHU,
FRANK CHAN,
KAI TUNG CHEN, and
JIMMY CHING,

          Defendants.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:     $03 - 2406$ $(KJH)$

TO: (Name and Address of Defendant)

KAI TUNG CHEN,

KING CHEF BUFFET
777 HAMBURG TURNPIKE
WAYNE, NEW JERSEY 07470

       YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

LENORA M. LAPIDUS (LL-6592)
JENNIFER ARNETT LEE
WOMEN'S RIGHTS PROJECT
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 BROAD STREET, 18TH FLOOR
NEW YORK, NY 10004
212-519-7816

an answer to the complaint which is herewith served upon you, within <u>20</u> days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WILLIAM T. WALSH         5-29-03

---
CLERK                              DATE

DIANNE C. RICHARDS    _dcr_

---
BY DEPUTY CLERK

15842/2
05/22/2003 1379952.01

Lenora M. Lapidus (LL-6592)
Women's Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
212-519-7816
Attorney for Plaintiffs
See signature page for additional attorneys for Plaintiffs



ORIGINAL FILED

JUN 1 1 2003

WILLIAM T. WALSH, CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MEI YING LIU and
SHU FANG CHEN,

      Plaintiffs,

      v.

ORIENTAL BUFFET, INC., d/b/a KING
CHEF BUFFET;
METROPOLITAN BUFFET
CORPORATION, d/b/a METROPOLITAN
BUFFET;
AN NA ZHENG;
XIAO YANG ZHENG;
BEN LIANG ZHU;
FRANK CHAN, a/k/a KAI TUNG CHEN,
a/k/a KAI TONG CHEN, a/k/a KAI CHIANG
CHAN, a/k/a KAI CHEUNG CHAN, a/k/a
KAI CHEONG CHAN; and
DE GI CHING, a/k/a TEH QI CHING, a/k/a
JIMMY CHING;

      Defendants.

Civil Action No. 03-2406 (KSH)

## FIRST AMENDED COMPLAINT
## AND JURY DEMAND

## PRELIMINARY STATEMENT

1. This is an action brought on behalf of Mei Ying Liu and Shu Fang Chen, Fujianese women

who worked as waitresses at King Chef, a Chinese restaurant located at 777 Hamburg

1

Turnpike in Wayne, New Jersey. Plaintiffs were exploited to an extraordinary degree by Defendants, their employers and landlords. Plaintiffs were paid no base wage, were required to give a cash payment to Defendants for the privilege of working at King Chef, were treated in a discriminatory manner based on their ethnicity and sex, were housed in substandard conditions, and were threatened by Defendants when they resigned from their employment.

2. Although Plaintiffs received tips from customers, they were not paid any base wage by their employer and were not paid overtime, in violation of the Fair Labor Standards Act and New Jersey labor laws. They were required to perform kitchen preparation and other "side work," for which they received no wages and no tips. Plaintiffs also were required to pay $15 to $18 daily to their employer as a "kickback," out of their tips, and therefore a portion of their tips was diverted to Defendants in violation of New Jersey labor laws. Because they are Fujianese women, fewer and smaller tip-paying tables were given to Plaintiffs than to male waiters from northern China. As Fujianese women, Plaintiffs were treated in a discriminatory manner by Defendants, in violation of federal and state civil rights laws. Additionally, Plaintiffs were housed in an employer-provided apartment in conditions that violate the public policy of the state of New Jersey. When Plaintiffs resigned from their positions, they and their families were threatened by Defendants.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337. In particular, this Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b), which permits employees to bring civil actions in courts of appropriate jurisdiction to recover damages for an employer's failure to pay the minimum wage and overtime wages, and 29 U.S.C. § 1981, addressing the equal rights of all persons in the United States to make and

2

enforce contracts. This Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this district, and the corporate defendants are subject to personal jurisdiction in this district.

## PARTIES

5. Plaintiff Mei Ying Liu is an adult woman of Fujianese ethnicity residing in New York, New York. Plaintiff Liu worked at King Chef from approximately May 2000 until November 11, 2001.

6. Plaintiff Shu Fang Chen is an adult woman of Fujianese ethnicity residing in Kissimmee, Florida. Plaintiff Chen worked at King Chef from approximately July 10, 2001 until November 11, 2001.

7. On information and belief, Oriental Buffet, Inc., d/b/a King Chef Buffet ("King Chef") is a corporation doing business in the State of New Jersey, with a primary location at 777 Hamburg Turnpike in Wayne, New Jersey.

8. On information and belief, Metropolitan Buffet Corporation, d/b/a Metropolitan Buffet ("Metropolitan Buffet") is a corporation doing business in the State of New Jersey, with address listings of both 777 and 781 Hamburg Turnpike in Wayne, New Jersey. Metropolitan Buffet occupies the same physical space as King Chef at 777 Hamburg Turnpike.

9. On information and belief, An Na Zheng, Xiao Yang Zheng, Ben Liang Zhu, and Frank Chan, a/k/a Kai Tung Chen, a/k/a Kai Tong Chen, a/k/a Kai Chiang Chan, a/k/a Kai Cheung Chan, a/k/a Kai Cheong Chan ("Defendant Chan"), each with the business address of 781 Hamburg Turnpike in Wayne, New Jersey, are the managers, shareholders, and owners of

3

King Chef and had knowledge of, committed, and permitted the actions, practices, and policies complained of herein.

10. On information and belief, Defendants An Na Zheng, Xiao Yang Zheng, and Chan are the managers, shareholders, and owners of Metropolitan Buffet and had knowledge of, committed, and permitted the actions, practices, and policies complained of herein.

11. On information and belief, Defendant An Na Zheng resides at 43 Pike Drive, #2A in Wayne, New Jersey; Defendant Xiao Yang Zheng resides at 5028 96th Street in Corona, New York; Defendant Ben Liang Zhu resides at 46 Liberty Place 1 in Weehawken, New Jersey; and Defendant Chan resides at 928 Ridge Avenue in Philadelphia, Pennsylvania.

12. On information and belief, De Gi Ching, a/k/a Teh Qi Ching, a/k/a Jimmy Ching ("Defendant Ching"), with a business address of 781 Hamburg Turnpike in Wayne, New Jersey, was the head waiter of King Chef, continues as the head waiter of Metropolitan Buffet, and had knowledge of and committed the actions, practices, and policies complained of herein. On information and belief, Defendant Ching resides at 6 Forsgate Drive in Freehold, New Jersey.

**STATEMENT OF FACTS**

13. Plaintiffs are from Fuchow, a region within the Fujian province on the southeastern coast of China. They speak Fuchow, a distinct dialect of the Fujian language. While Plaintiffs communicate primarily in Fuchow, they are also able to communicate in Mandarin.

14. Plaintiffs worked as waitresses at King Chef. They served customers at tables, performed kitchen preparation work, such as making won-tons and preparing vegetables, and also performed "side work," such as wiping the buffet, polishing brass fixtures, and filling salt and pepper shakers, among other duties.

4

15. While employed at King Chef, Plaintiffs did not receive any wages from Defendants. Their only income was gratuities from customers.

16. Under federal law, an employer is permitted to pay its tipped employees base wages that are lower than the minimum wage, provided, however, that the employer informs its employees that their base wages will be reduced. Defendants did not pay Plaintiffs any base wage, nor did Defendants inform Plaintiffs that their base wages would be reduced.

17. Beginning in September 2000, Plaintiff Liu received a check for each week that she worked at King Chef. In exchange for the checks, however, Plaintiff Liu paid in cash an equal amount to Defendant An Na Zheng. That is, when Defendant An Na Zheng gave Plaintiff Liu a check for $13.80, Plaintiff Liu paid $13.80 in cash to Defendant An Na Zheng.

18. Until about October 25, 2001, Plaintiffs each worked six days per week. They worked on Fridays, Saturdays, and four additional days during the week. After about October 25, 2001, they worked for a total of five days per week—Fridays, Saturdays, and three additional week days.

19. Until about October 25, 2001, Plaintiffs worked approximately 80 hours per week. After about October 25, 2001, Plaintiffs worked about 65 hours per week.

20. On weekdays, Plaintiffs worked from about 10 a.m. until about 11 p.m. On weekends, they worked from about 10 a.m. until about 11:30 p.m. About every second weekend, Plaintiffs were required to work at King Chef until approximately 1:30 a.m. for one night, polishing brass fixtures.

21. Plaintiffs ate all their meals at King Chef, but were given only a few minutes to eat their meals.

22. Plaintiffs usually did not eat breakfast. If they had time to eat breakfast, they ate while standing and continued to work.

5

23. Plaintiffs had about 10 to 20 minutes to eat lunch, and about 10 minutes to eat dinner. Defendants often rushed Plaintiffs through these meals and pressured them to perform side work instead of taking time to eat.

24. During their meals, Plaintiffs were required to attend to any customers that were seated at their tables.

25. Plaintiffs were required to give a cash payment ("kickback") to their employer each day they worked at King Chef. This daily kickback was paid out of Plaintiffs' tips.

26. During their pre-employment interviews with Defendant An Na Zheng, Plaintiffs were not informed that a daily kickback was a requirement of the waitress position. Plaintiffs both found out about this requirement at the end of their first day of work, when the kickback was demanded from them.

27. From May 2000 until approximately March 2001, Plaintiff Liu paid an $18 daily kickback directly to Defendant An Na Zheng. Beginning in approximately March 2001, the amount of the daily kickback was reduced to $15. Plaintiff Liu then gave the $15 daily kickback to the head waiter, Defendant Ching.

28. Plaintiff Liu was sometimes required to pay a higher daily kickback. If a co-worker did not come to work, the other employees were required to make up for the co-worker's kickback by splitting the amount between them.

29. Plaintiff Chen was required to pay a $15 daily kickback to Defendant Ching.

30. Defendants diverted tips due to Plaintiffs for the use of Defendants.

31. Defendant An Na Zheng sometimes required Plaintiffs to pay for customers' bills, even if the customers had already paid. For example, Plaintiffs were required to pay customers' bills when a customer paid at the cashier directly, not at the table where he or she dined, and when

6

the customer left with the check after paying. The customers' bills were deducted from Plaintiffs' tips.

32. When Plaintiffs complained about being required to pay customers' bills, they were punished by receiving fewer customers and therefore fewer tips.

33. When customers wrote a tip amount on a credit card receipt, Defendant An Na Zheng gave the Plaintiffs a lower amount than what had been indicated as a tip on the credit card receipt. Defendant An Na Zheng also withheld tips from some credit card receipts altogether.

34. Plaintiff Liu was fined for minor mistakes she was accused of making. Fines were deducted from Plaintiff Liu's tips.

35. Defendants hindered a wage and hour investigation of King Chef that was conducted by the New Jersey Department of Labor (DOL).

36. During one of the DOL visits to King Chef, in approximately late October 2001, Plaintiff Liu and other employees spoke with the DOL investigator. Plaintiff Liu was instructed by Defendants what to say to the investigator, and Defendant An Na Zheng listened to the conversation.

37. Plaintiff Liu believed that if she told the inspector information other than what Defendant An Na Zheng instructed her to say, Defendants would terminate her employment.

38. After the October 2001 DOL investigation, Defendants told Plaintiffs and other employees that they would receive a salary of $3 per hour. Plaintiffs, however, did not receive wages from Defendants.

39. Instead of being paid wages as required by law, after the October 2001 DOL investigation, Plaintiffs were told that they owed money to the Defendants for back rent, meals, utilities, and other expenses.

7

40. At the time they were interviewed for their positions with King Chef, Plaintiffs understood that room and board would be provided to them free of charge.

41. It is standard practice in the restaurant industry for employees who work out of state or far from their home addresses, as was the situation for Plaintiffs, to be provided room and board free of charge.

42. During Plaintiff Liu's phone interview, she and Defendant An Na Zheng had a conversation about the housing that would be provided as a benefit of the position with King Chef, clearly indicating that housing would be provided as part of the waitress position.

43. After the October 2001 DOL investigation, a time-card system was instituted at King Chef. Defendants either filled in hours on the time cards, or instructed Plaintiffs what hours to write on the time cards. Plaintiffs and other employees worked more hours than what was reflected on the time cards.

44. After the October 2001 DOL investigation, a three-hour afternoon "break" was instituted. However, Plaintiffs and other employees stayed at the restaurant during this break and continued working.

45. Although Plaintiffs were not required to stay at the restaurant during the "break," Plaintiffs had no means of transportation, were unfamiliar with the surrounding area, and were told to perform side work.

46. Plaintiffs were not given tip-paying tables to wait on during the "break" and were not paid a wage, even though they performed side work, such as filling salt shakers and polishing the brass buffet, during this time.

47. After the October 2001 DOL investigation, Plaintiffs' schedules were reduced from six days per week to five days per week.

8

48. Plaintiffs, Fujianese women, suffered unequal terms and conditions of employment, as compared to northern Chinese male employees, because of their ethnicity and sex.

49. All the female employees at King Chef were from Fujian, a province in the south of China, while all but one of the male employees were from the north of China. The primary language spoken by Plaintiffs is a dialect of Fujian, while the primary language of the male employees from northern China is Mandarin.

50. Male waiters from the north of China received more tables, larger tables, and tables with better-tipping customers than Plaintiffs and other Fujianese female waitresses.

51. If a customer specifically asked to be seated at a table in one of the Plaintiffs' sections, Defendants refused to seat the customer in the waitress's section if it was a customer who tipped well. Defendant Ching and other northern Chinese male waiters were given these tables.

52. During the "break," only Defendant Ching and other northern Chinese male waiters were given tables to wait on—and the tips associated with the tables—while Plaintiffs and other Fujianese women were required to perform side work, for which they received no compensation.

53. Due to the discriminatory seating policy, Plaintiffs earned less in tips—the only income for all King Chef wait staff—than did the male waiters from northern China.

54. Defendant An Na Zheng verbally abused Plaintiffs and other Fujianese women employees. She frequently yelled, "You're not educated!" and, "You're so dumb and stupid!" at Plaintiffs.

55. Defendant An Na Zheng criticized the English capabilities of the Fujianese women, but not of the men from northern China, even though their capabilities were equivalent.

9

56. The work of Fujianese women was scrutinized more closely than the work of northern Chinese men. Plaintiffs were verbally abused for the quality of their work. Male waiters from northern China, whose quality of work was similar to that of the Plaintiffs, were not verbally abused.

57. Plaintiffs lived in housing that was maintained by Defendants, the conditions of which violate the public policy of New Jersey.

58. The King Chef apartment housed approximately seven women in one bedroom, three men in a second bedroom, and four to six people in a combined kitchen/living room area.

59. The King Chef apartment was overcrowded and dirty. It was infested with vermin, including cockroaches, and was occasionally without electricity or running water.

60. While Plaintiffs were not required to stay in the King Chef apartment, their permanent homes were located in New York City. The Defendant-provided housing had been offered to Plaintiffs as an incentive to work at King Chef, which was located far from their homes in New York.

61. Plaintiffs and other King Chef employees were picked up at the King Chef apartment each morning and driven back to the King Chef apartment each night.

62. Defendants threatened Plaintiffs and their families when Plaintiffs resigned from their positions at King Chef.

63. Plaintiffs experienced much pressure as waitresses at King Chef. The combination of not receiving wages for their work, having their tips diverted, being required to pay for customers' bills, and suffering discriminatory and verbally abusive treatment made the working conditions unbearable. Plaintiffs felt that they had to leave King Chef.

64. Plaintiffs Liu and Chen resigned at the same time. When they resigned, Defendant An Na Zheng warned the Plaintiffs that they should consider the consequences of any action they

may take because they have families and children. Defendant Xiao Yang Zheng stood by as Defendant An Na Zheng made this threat.

65. Plaintiffs took this threat seriously, because they had reason to believe that Defendants had hired individuals to threaten and intimidate other former King Chef employees who had filed a civil action for labor law and other violations in this Court, titled <u>Wu v. Oriental Buffet, Inc.</u>, Civil Action No. 00-4482 (KSH). In addition, Plaintiff Liu overheard Defendant An Na Zheng say that a life in Chinatown was worth $10,000 to $20,000.

66. After they stopped working at the restaurant, Plaintiffs received checks that were backdated for dates when Plaintiffs Liu and Chen had worked at the restaurant. The checks range in amount from $26.07 to $40.29. No explanation accompanied the checks.

67. The name of King Chef Buffet has been changed to Metropolitan Buffet. On information and belief, this change was effected for the purpose of evading liability.

68. On information and belief, defendants An Na Zheng, Xiao Yang Zheng, Chan, and Ching remain associated with the restaurant.

69. On or about February 25, 2003, a Restaurant License Application for Metropolitan Buffet Corporation was submitted to the Township of Wayne, New Jersey. While the address listed for King Chef is 777 Hamburg Turnpike and the address listed for Metropolitan Buffet is 781 Hamburg Turnpike, Metropolitan Buffet occupies the same physical space as the restaurant that was formerly known as King Chef Buffet.

70. The primary banner over the entrance to the restaurant reads "Metropolitan Buffet," and a smaller awning reads "King Chef." In addition, the take-out menus for Metropolitan Buffet list the address as 777 Hamburg Turnpike.

71. Normal business operations have continued with minimal interruption at the restaurant formerly called King Chef Buffet, now called Metropolitan Buffet.

11

72. On information and belief, Metropolitan Buffet employs many of the same managers and staff members as were employed by King Chef Buffet. Also on information and belief, there has been no staff turnover due to the change in the restaurant's name.

73. On information and belief, the President of King Chef, Frank Chan, the Secretary of King Chef, Kai Tong Chan, and the Secretary of Metropolitan Buffet, Kai Chiang Chan, are the same person operating under aliases. In addition, the address for the registered agent of Metropolitan Buffet, Yan Fang Chen, is the same as the address for Defendant An Na Zheng, 43 Pike Drive, #2A, Wayne, NJ 07470.

## FIRST CLAIM FOR RELIEF

## FAIR LABOR STANDARDS ACT

74. The allegations in paragraphs 1 through 73 are repeated as if fully stated herein.

75. Defendants willfully refused to pay Plaintiffs the applicable minimum hourly wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 206(a)(1), 203(m).

76. Defendants willfully refused to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regularly paid wages or minimum rate of pay for each hour worked in excess of forty hours per workweek, in violation of 29 U.S.C. § 207(a)(2).

77. Defendants' willful violations of the Fair Labor Standards Act entitle Plaintiffs to recovery for their unpaid minimum wages, unpaid overtime compensation, an equivalent amount as liquidated damages, and reasonable attorneys' fees and costs of the action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

### NEW JERSEY WAGE AND HOUR LAW

78. The allegations in paragraphs 1 through 77 are repeated as if fully stated herein.

79. Defendants intentionally refused to pay Plaintiffs the required minimum wage, in violation of N.J.S.A. § 34:11-56a4.

80. Defendants intentionally refused to pay Plaintiffs proper overtime wages at one and one-half times the regularly paid wages or minimum wage and failed to keep proper wage and hour records, in violation of N.J.S.A. § 34:11-56a4.

81. Defendants' willful violations of the New Jersey Wage and Hour Law entitle Plaintiffs to recover their unpaid minimum wages, unpaid overtime compensation, and reasonable attorneys' fees and costs of the action, pursuant to N.J.S.A. § 34:11-56a25.

## THIRD CLAIM FOR RELIEF

### EQUAL PAY ACT

82. The allegations in paragraphs 1 through 81 are repeated as if fully stated herein.

83. The Defendants willfully discriminated against Plaintiffs by giving them fewer and smaller tip-paying tables than male employees, thereby ensuring that Plaintiffs received significantly lower wages than male employees, in violation of the Equal Pay Act, 29 U.S.C. § 206(d)(1).

84. Defendants' willful violation of the Equal Pay Act entitles Plaintiffs to recovery of the differential in tips as compared to the male employees, an equivalent amount as liquidated damages, and reasonable attorneys' fees and costs of the action, pursuant to 29 U.S.C. § 216(b).

13

## FOURTH CLAIM FOR RELIEF

### NEW JERSEY EQUAL PAY ACT

85. The allegations in paragraphs 1 through 84 are repeated as if fully stated herein.

86. The Defendants willfully discriminated against Plaintiffs by giving them fewer and smaller tip-paying tables than male employees, thereby ensuring that Plaintiffs received significantly lower wages than male employees, in violation of the New Jersey Equal Pay Act, N.J.S.A. § 34:11-56.2.

87. Defendants' willful violation of the New Jersey Equal Pay Act entitles Plaintiffs to recovery of the differential in tips as compared to the male employees, an equal amount as liquidated damages, and reasonable attorneys' fees and costs of the action, pursuant to N.J.S.A. § 34:11-56.8.

## FIFTH CLAIM FOR RELIEF

### NEW JERSEY LABOR LAW

88. The allegations in paragraphs 1 through 87 are repeated as if fully stated herein.

89. Defendants willfully diverted tips that were due to Plaintiffs for the use of Defendants, in violation of N.J.S.A. § 34:11-4.14(a).

90. Defendants willfully withheld and diverted Plaintiffs' wages, in violation of N.J.S.A. § 34:11-4.4.

91. Defendants' willful violations of the New Jersey prohibitions against diversion and withholding of wages and tips entitle Plaintiffs to the wages and tips that were diverted to and withheld by Defendants, pursuant to N.J.S.A. § 34:11-4.14(b).

14

## SIXTH CLAIM FOR RELIEF

## BREACH OF CONTRACT

92. The allegations in paragraphs 1 through 91 are repeated as if fully stated herein.

93. Defendants breached the oral contracts that were entered into between Plaintiffs and

Defendants at the time of Plaintiffs' job interviews by demanding compensation from

Plaintiffs, namely daily kickbacks and payment for room and board.

94. Plaintiffs have suffered harm and are entitled to compensatory and punitive damages.

## SEVENTH CLAIM FOR RELIEF

## CIVIL RIGHTS

95. The allegations in paragraphs 1 through 94 are repeated as if fully stated herein.

96. Defendants willfully denied Plaintiffs, of Fujianese origin, the same right to make and

enforce contracts as enjoyed by employees from the north of China, in violation of 42 U.S.C.

§ 1981.

97. Defendants' violation of Plaintiffs' equal rights to make and enforce contracts entitles

Plaintiffs to compensatory damages, punitive damages, attorneys' fees and costs, and any

other equitable relief this Court deems appropriate.

## EIGHTH CLAIM FOR RELIEF

## NEW JERSEY LAW AGAINST DISCRIMINATION

98. The allegations in paragraphs 1 through 97 are repeated as if fully stated herein.

99. Defendants intentionally discriminated against Plaintiffs because of their national origin and

because of their sex, in violation of N.J.S.A. § 10:5-12.

100. Defendants' willful violation of Plaintiffs' civil rights entitles Plaintiffs to compensatory damages, punitive damages, attorneys' fees and costs, and any other equitable relief this Court deems appropriate, pursuant to N.J.S.A. §§ 10:5-13, 10:5-27.1.

## NINTH CLAIM FOR RELIEF

## REPRISALS: NEW JERSEY LAW AGAINST DISCRIMINATION

101. The allegations in paragraphs 1 through 100 are repeated as if fully stated herein.

102. Defendants' threats against Plaintiffs and their families when Plaintiffs resigned from their employment at King Chef constitute reprisals prohibited by the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-12(d).

103. Defendants' reprisals against Plaintiffs and their families entitle Plaintiffs to compensatory damages, punitive damages, attorneys' fees and costs, and any other equitable relief this Court deems appropriate, pursuant to N.J.S.A. §§ 10:5-13, 10:5-27.1.

## TENTH CLAIM FOR RELIEF

## NEW JERSEY PUBLIC POLICY

104. The allegations in paragraphs 1 through 103 are repeated as if fully stated herein.

105. Defendants housed Plaintiffs in company housing that was primarily for the benefit of the Defendants, the conditions of which violate New Jersey public policy, pursuant to N.J.S.A. §§ 34:9A et seq., 2A:42 et seq.; N.J.A.C. § 12:56-8.6; 29 U.S.C. § 1823.

106. Defendants' housing of Plaintiffs in conditions that violate the public policy of New Jersey entitles Plaintiffs to declaratory relief and other equitable relief this Court deems appropriate.

16

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that this Court grant the following relief:

a. Declare that Defendants have violated federal and state minimum wage and overtime laws by not paying Plaintiffs a base wage or overtime pay during their employment at King Chef;

b. Declare that Defendants violated the New Jersey and federal Equal Pay Acts by steering fewer and smaller tip-paying tables to Plaintiffs, because of their sex;

c. Declare that Defendants violated New Jersey state prohibitions against diverting and withholding wages and tips of the Plaintiffs;

d. Declare that Defendants violated Plaintiffs' civil rights under federal and state law by treating Plaintiffs differently from male and non-Fujianese employees based on their national origin and sex;

e. Declare that Defendants violated Plaintiffs' civil rights under New Jersey law by threatening Plaintiffs and their families;

f. Declare that Defendants violated the public policy of New Jersey by housing Plaintiffs in a substandard apartment;

g. Award compensatory damages to Plaintiffs in an amount to be determined at trial;

h. Award punitive damages to Plaintiffs in an amount to be determined at trial;

i. Order Defendants to pay reasonable attorneys' fees and costs; and

j. Grant such other and further relief as this Court deems just and proper under the circumstances.

Date: _June 10, 2003_

Respectfully submitted,

_Lenora Lapidus_

Lenora M. Lapidus (LL-6592)
Jennifer Arnett Lee
Women's Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-519-7816
Fax: 212-549-2580

Edward M. Barocas (EB-8251)
American Civil Liberties Union of
New Jersey Foundation
35 Halsey Street, Suite 4B
Newark, NJ 07102
Tel: 973-642-2084
Fax: 973-642-6523

Alix R. Rubin (ARR-6732)
Lowenstein Sandler, PC
65 Livingston Avenue
Roseland, NJ 07068-1791
Tel: 973-597-2492
Fax: 973-597-2493
    On behalf of the ACLU-NJ

**ATTORNEYS FOR PLAINTIFFS**

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues.


Date: *June 10, 2003*

*Lenora Lapidus*

Lenora M. Lapidus (LL-6592)
Jennifer Arnett Lee
Women's Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-519-7816
Fax: 212-549-2580

Edward M. Barocas (EB-8251)
American Civil Liberties Union of
New Jersey Foundation
35 Halsey Street, Suite 4B
Newark, NJ 07102
Tel: 973-642-2084
Fax: 973-642-6523

Alix R. Rubin (ARR-6732)
Lowenstein Sandler, PC
65 Livingston Avenue
Roseland, NJ 07068-1791
Tel: 973-597-2492
Fax: 973-597-2493
            On behalf of the ACLU-NJ

## ATTORNEYS FOR PLAINTIFFS

## CERTIFICATION UNDER LOCAL CIVIL RULE 10.1

Counsel for Plaintiffs do not include the street addresses of Mei Ying Liu and Chen Shu Chen in the complaint due to the threats that Plaintiffs received upon their resignations from King Chef, as detailed herein. Defendants hired individuals to threaten and intimidate other former King Chef employees who filed a civil action against King Chef and related defendants. Because Plaintiffs fear that Defendants will undertake similar measures against them and their families, Plaintiffs' street addresses are not included in herein.

Date: *June 10, 2003*

Lenora M. Lapidus (LL-6592)
Jennifer Arnett Lee
Women's Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-519-7816
Fax: 212-549-2580

Edward M. Barocas (EB-8251)
American Civil Liberties Union of
New Jersey Foundation
35 Halsey Street, Suite 4B
Newark, NJ 07102
Tel: 973-642-2084
Fax: 973-642-6523

Alix R. Rubin (ARR-6732)
Lowenstein Sandler, PC
65 Livingston Avenue
Roseland, NJ 07068-1791
Tel: 973-597-2492
Fax: 973-597-2493
        On behalf of the ACLU-NJ

## ATTORNEYS FOR PLAINTIFFS

## CERTIFICATION UNDER LOCAL CIVIL RULE 11.2

This matter is not the subject of any other action pending in any court, or any pending arbitration

or administrative proceeding. However, a closely related matter is currently pending in the

United States District Court for the District of New Jersey before the Honorable Katharine S.

Hayden, U.S.D.J.: <u>Wu v. Oriental Buffet, Inc.</u>, 00-4482 (KSH).


Date: _June 10, 2003_              _[signature]_

Lenora M. Lapidus (LL-6592)
Jennifer Arnett Lee
Women's Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-519-7816
Fax: 212-549-2580

Edward M. Barocas (EB-8251)
American Civil Liberties Union of
New Jersey Foundation
35 Halsey Street, Suite 4B
Newark, NJ 07102
Tel: 973-642-2084
Fax: 973-642-6523

Alix R. Rubin (ARR-6732)
Lowenstein Sandler, PC
65 Livingston Avenue
Roseland, NJ 07068-1791
Tel: 973-597-2492
Fax: 973-597-2493
      On behalf of the ACLU-NJ

**ATTORNEYS FOR PLAINTIFFS**