NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIU, et al.<br><br>Plaintiffs,<br><br>v.<br><br>ORIENTAL BUFFET, INC., et al.<br><br>Defendants. | Civil Action No. 03-2406 (KSH)<br><br>**OPINION** |

**KATHARINE S. HAYDEN, U.S.D.J.**

I.    FACTUAL BACKGROUND

Before the Court is a motion for reconsideration/reargument, pursuant to Local Rule 7.1., put forth by Defendants Oriental Buffet, Inc., Frank Chan, Xiao Yang Zheng, Anna Zheng, Ben Liang Zhu, and De Ji Qin ("OBI Defendants"). The motion is directed at this Court's decision denying OBI Defendants' motion to dismiss the Amended Complaint in this case, and deeming service upon their attorney to be effective service upon OBI Defendants. Also before the Court is OBI Defendants' motion, in the alternative, for certification of the Court's October 13, 2005 order for interlocutory appeal.

By way of background, Mei Yin Liu and Shu Fang Chen ("Plaintiffs") first filed suit against their employers and landlords, Oriental Buffet, Inc., et al. ("Defendants") on May 22, 2003 in the

District of New Jersey (the "Original Complaint").  On June 11, 2003, Plaintiffs filed an Amended Complaint (the "Amended Complaint").  Plaintiffs allege that Defendants violated federal civil rights laws as well as state and federal overtime and wage laws and discrimination laws.  Specifically, Plaintiffs allege that Defendants, the owners and managers of several Chinese restaurants, kept them under their complete control by paying Plaintiffs no wages, forcing them to pay a daily kickback out of their tips to Defendants, and discriminating against Plaintiffs, both in terms of gender and ethnicity, housing Plaintiffs in deplorable conditions, and threatening them with death if they stopped working at the restaurant.

## II.  PROCEDURAL HISTORY

Plaintiffs Mei Ying Liu's and Shu Fang Chen's ("Plaintiffs'") Original Complaint was served upon Defendants on May 29, 2003.  On June 11, 2003, Plaintiffs filed the Amended Complaint, naming other defendants and including their known aliases.  When Defendants still had not filed an answer to the Original Complaint, Plaintiffs requested and obtained an entry of default on July 9, 2003 and moved for entry of default judgment on July 17, 2003 with respect to the Original Complaint.  On September 24, 2003, this Court granted default judgment against Defendants Oriental Buffet, Inc., An Na Zheng, Xioa Yang Zheng, Ben Liang Zhu, Frank Chan, and Kai Tung Chen.  On October 17, 2003 and December 19, 2003, these Defendants moved through counsel to vacate the default judgment.

On May 27, 2004, this Court, acting *sua sponte*, dismissed Plaintiffs' employment discrimination and unfair labor practices action for failure to effect timely service of the Amended Complaint pursuant to F.R.C.P. 4(m).  Plaintiffs filed a Notice of Appeal and the Third Circuit reversed, finding that F.R.C.P. 4(m) required the Court to give Plaintiffs actual notice prior to any dismissal.  Liu v. Oriental Buffet, 134 Fed.Appx. 544 (3d Cir. 2005).  Accordingly,

the court remanded for a determination of whether Plaintiffs' failure to properly serve certain of the Defendants was excusable based on their showing of good cause, and also whether the Amended Complaint should be reinstated as to certain of the Defendants irrespective of whether the Plaintiffs demonstrated good cause. Id.

On August 18, 2005, pursuant to the remand, Plaintiffs filed a letter brief in support of their motion to demonstrate good cause and/or request a permissive extension of time to serve the Amended Complaint. In their brief, Plaintiffs stated that they made several unsuccessful attempts to serve the Amended Complaint on Oriental Buffet, An Na Zheng, Ben Liang Zhu, and De Ji Qin. They explained that these attempts did not prove fruitful due to various aliases and several different listed addresses. Plaintiffs also stated that when they were notified of Defendants' motion to vacate the default judgment, they ceased attempting to serve the Amended Complaint on the remaining Defendants. On September 8, 2005, Defendants Oriental Buffet, Inc., Frank Chan, Xiao Yang Zheng, Anna Zheng, Ben Liang Zhu, and De Ji Qin ("OBI Defendants") filed a motion in opposition, as well as a motion to dismiss.

On September 27, 2005, this Court heard oral argument on the parties' motions. This hearing allowed both parties to be heard on the issues of: (1) whether Plaintiffs had good cause for their failure to properly serve Defendants Oriental Buffet, Inc., An Na Zheng, Ben Liang Zhu, and De Ji Qin; (2) whether Plaintiffs had previously effectuated valid service of process upon Defendants Xiao Yang Zheng and Frank Chan; and (3) whether, pursuant to F.R.C.P. 4(m), there was good cause to extend the time for Plaintiffs to effectuate service of process upon all Defendants other than Defendant Metropolitan Buffet Corporation, which had accepted service. At the end of the argument, this Court issued an oral opinion that was reduced to an Order Regarding Service of Process, which (1) denied OBI Defendants' motion to dismiss, (2) found good cause for an

extension of time to serve OBI Defendants, and (3) ordered OBI Defendants' counsel to accept service of Plaintiffs' Amended Complaint. On November 7, 2005, the transcript of the September 27, 2005 hearing was filed.

Currently before the Court is OBI Defendants' motion for reconsideration, or alternatively, for certification of the Court's October 13, 2005 order for interlocutory appeal. For the reasons stated below, OBI Defendants' motion is denied.

## III.   STANDARDS OF REVIEW

### A. Reargument/Reconsideration Standard of Review

Local Rule 7.1, which governs reargument and reconsideration, states:

> A motion for reargument shall be served and filed within 10 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. There shall be served with the notice a brief setting forth concisely the matters or controlling decisions which counsel believes the Judge or Magistrate Judge has overlooked. No oral argument shall be heard unless the Judge or Magistrate Judge grants the motion and specifically directs that the matter shall be reargued orally.

Local Rule 7.1. See also Local Civil Rule 7.1, comment 6(a) (citing Public Int. Research Group v. Yates Industries, 790 F.Supp. 511, 512 n. 1 (D.N.J. 1991), in which then-Chief Judge Thompson stated that "'[r]econsideration' and 'reargument' are interchangeable terms."). Courts grant relief in response to motions for reargument in relatively few cases. It is considered to be "an extraordinary remedy" that is to be granted "very sparingly." NL Indus. Inc. v. Commercial Union Ins. Co., 935 F.Supp. 513, 516 (D.N.J. 1996); Maldonado v. Lucca, 636 F.Supp. 621, 630 (D.N.J.1986). The purpose of a motion for reargument is "to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). See also Shoenfeld Asset Mgt. v. Cendent Corp., 161 F. Supp. 2d 349, 352 (D.N.J.

2001). The Rule requires the moving party to set forth "concisely the matters or controlling decision which counsel believes the [Court] has overlooked," rather than to "ask the Court to rethink what it had already thought through -- rightly or wrongly." G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990); Ciba-Geigy Corporation v. Alza Corporation, 1993 WL 90412, *1 (D.N.J. March 25, 1993); Oritani Sav. & Loan v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990), rev'd on other grounds, 989 F.2d 635 (3d Cir. 1993). This showing must be more than "a mere 'recapitulation of the cases and arguments considered by the court before rendering its original decision.'" Elizabethtown Water Co. v. Hartford Casualty Ins. Co., 18 F. Supp. 2d 464, 466 (D.N.J. 1998) (citing Carteret Savings Bank F.A. v. Shushan, 721 F. Supp. 705, 709 (D.N.J. 1989)).

A court may, therefore, only grant a properly filed motion for reargument for one of three reasons: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Database America v. Bellsouth Advertising & Publ'g., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991)).

**B. Interlocutory Appeal Standard of Review**

OBI Defendants also move, alternatively, for certification of the Order for immediate appeal to the Third Circuit and a stay of discovery and trial deadlines pending appeal, pursuant to 28 U.S.C. § 1292(b), which provides that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference

> of opinion and that an immediate appeal from the order may materially advance
> the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Thus, to certify a non-final order for interlocutory appeal, district courts must meet all three of the following criteria, which require the order to (1) involve a "controlling question of law;" (2) for which there is a "substantial ground for difference of opinion" as to its correctness, and (3) may "materially advance the ultimate termination of the litigation" if appealed immediately. 28 U.S.C. § 1292(b); Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir.1974); In re West Electronics, Inc., 1992 WL 184340, *3 (D.N.J. 1992). The district judge is required to demonstrate that the order satisfies *all* three criteria before granting the certification. Katz, 496 F.2d at 754. This is an extremely high standard to meet, making its use one that is confined to only exceptional circumstances. Katz, 496 F.2d at 754; see Cardona v. General Motors Corp., 939 F. Supp. 351, 353 (D.N.J. 1996) (interlocutory appeal under the federal rule is used sparingly, and "should not be granted merely because a party disagrees with the ruling district judge"). In fact, one court stated that, when reviewing motions for certification of an order for interlocutory appeal, district courts should understand that "certification is generally not to be granted." Harter v. GAF Corp., 150 F.R.D. 502, 517 (D.N.J. 1993) (citing Max Daetwyler Corp. v. Meyer, 575 F.Supp. 280, 282 (E.D.Pa.1983)).

**IV.  DISCUSSION**

Here, OBI Defendants argue that this Court incorrectly found that OBI Defendants had been served with Plaintiffs' Amended Complaint. However, in support of this contention, OBI Defendants do not put forth any additional evidence in their brief in support of reconsideration. Rather, they simply argue that the Court erred in finding that OBI Defendants had been served

because it had previously stated in its May 27, 2004 Order that OBI Defendants had not been served and had dismissed the case.

During the September 27, 2005 hearing, this Court considered both parties' motions. The oral argument allowed Plaintiffs to offer factual support for the requisite due diligence in attempting to serve the Amended Complaint on the OBI Defendants, which this Court found persuasive. The Court thus concluded that Plaintiffs had exercised due diligence and shown a good faith attempt to serve the Amended Complaints on OBI Defendants. This Court denied OBI Defendants' motion to dismiss and found good cause to extend the time for Plaintiffs to serve OBI Defendants with the Amended Complaint, pursuant to the standard set out in F.R.C.P. 4(m), which states, in relevant part, "if the plaintiff shows good cause for the failure [to serve the complaint within 120 days of filing], the court shall extend the time for service for an appropriate period." F.R.C.P. 4(m). See also MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1098 (3d Cir. 1995) (citing Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995), and stating that when considering a motion to extend the time to serve, a district court must "[f]irst ... determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service.").

During the September 27th hearing, OBI Defendants were given an opportunity to respond to Plaintiffs' arguments as well as to advance their own. This Court fully heard and considered their arguments. Now, rather than offer additional evidence, OBI Defendants simply argue that Plaintiffs did not actually demonstrate good cause for failing to properly serve OBI Defendants

with the Amended Complaint. OBI Defendants argue that the Third Circuit's decision suggests that this Court should find that Plaintiffs did, indeed, fail to serve OBI Defendants with the Amended Complaint, and that the only decision before this Court is whether to allow Plaintiffs notice prior to dismissal and an opportunity to come forward with new evidence to justify their failure to serve. This, however, is not the issue on remand. Instead, the Court's focus must be whether the Plaintiffs' efforts to serve OBI Defendants with the Amended Complaint were reasonably diligent, and whether there was good cause to extend the normal 120 day time period for service. OBI Defendants' arguments, therefore, do not make the showing necessitated by the reargument/reconsideration standard.

The law places a heavy burden on a party moving for reargument, requiring the party to set forth evidence that was not previously available to support an argument. Database America v. Bellsouth Advertising & Publ'g., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991)). Rather than proffering such evidence, however, Plaintiffs are simply disagreeing with this Court's decision, "ask[ing] the Court to rethink what it had already thought through -- rightly or wrongly." G-69, 748 F. Supp. at 275. They do not allege that an "intervening change in the controlling law" has occurred. Database America, 825 F. Supp. at 1220 (citing Weyerhaeuser Corp., 771 F. Supp. at 1419). They do not demonstrate that this Court's earlier decision was a "clear error of law" or presented a "manifest injustice." Id. Quite conversely, everything OBI Defendants argue has already been considered by this Court. Nothing in OBI Defendants' motion suggests that reargument is warranted under the law.

OBI Defendants' arguments similarly fail to make the showing necessitated by the standard

for certification of an order for interlocutory appeal. OBI Defendants contend that "[t]he District Court's finding that the OBI Defendants were served on or about May 29, 2003 and order to compel their counsel to accept substituted service are controlling questions of law." There is, however, no persuasive evidence put forth supporting this statement. OBI Defendants' disagreement with this Court's decision regarding good cause and extension of time for service does not amount to a disagreement regarding a legal standard or to a question of law. Harter v. GAF Corp., 150 F.R.D. 502, 518 (D.N.J. 1993). A "'motion for certification should not be granted merely because a party disagrees with the ruling of the district judge.'" Id. (citing Max Daetwyler Corp. v. Meyer, 575 F.Supp. 280, 282 (E.D.Pa. 1983).

Here, there is no evidence that OBI Defendants' disagreement with this Court's decision regarding a procedural issue is a "controlling question of the law." See, e.g., Thiel v. Electric Sales & Supply Co., 189 F.Supp. 722, 723 (D.S.C. 1960) (stating that "it is doubtful that an immediate appeal from the Interlocutory Order [denying a motion to dismiss for ineffective service] would materially advance the termination of this litigation."). In addition, OBI Defendants have not offered persuasive evidence demonstrating that "there is a substantial ground for a difference of opinion" with regard to the legal standards that are applicable, or that "an immediate appeal from the order may materially advance the ultimate determination of this litigation." 28 U.S.C. §1292(b). A district court must be persuaded that each criterion of the statute has been met. Instead, the Court is not persuaded that any have been met. OBI Defendants have clearly failed the meet the high burden set forth by the statute, which is so burdensome that "[w]hen evaluating the [section 1292(b)] factors, the court must remember that certification is generally not to be granted." Harter, 150 F.R.D. at 517 (citing Max Daetwyler

9

Corp. v. Meyer, 575 F.Supp. 280, 282 (E.D.Pa.1983)).  In fact, certification under section 1292(b) "is not mandatory; indeed, permission to appeal is wholly within the discretion of the courts, even if the [section 1292(b)] criteria are present."  Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976).  As such, this Court finds that OBI Defendants have failed to meet the test laid out in 28 U.S.C. §1292(b) for a certification for interlocutory appeal.

## V. CONCLUSION

For the foregoing reasons, Movant OBI Defendants' motion for reconsideration, or alternatively for certification of the Court's October 13, 2005 order for interlocutory appeal and a stay of discovery and trial deadlines pending appeal, is **denied**.  An appropriate Order will be entered.


Date: January 30, 2006                         Katharine S. Hayden
                                               Katharine S. Hayden, U.S.D.J.