# EXHIBIT E

## McELROY, DEUTSCH & MULVANEY, LLP
### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

DONNA DUBETH GARDINER
Direct dial: (973) 425-8143
Dgardiner@mdmlaw.com

February 7, 2006

**VIA Telecopier**

Magistrate Patty Schwartz, U.S.M.J.
U.S. Post Office & Courthouse
Room 477
P.O. Box 999
Newark, New Jersey 07101

Re:  Liu v. Oriental Buffet, al
     Civil Action No. 03-2406
     MDM File No. M0648-1001

Dear Magistrate Schwartz:

This letter is jointly submitted regarding the ongoing discovery disputes between the defendant Metropolitan Buffet ("Metropolitan") and the plaintiffs pursuant to the Court's Orders of January 13, 2006, and January 23, 2006. We have conferred and resolved several issues. However, we are at an impasse regarding the issues below.

I.  **Metropolitan's Interrogatories to the Plaintiffs**:

A.  **Interrogatory No. 12** :  Please set forth your immigration status and provide a copy of your current visa or other documentation demonstrating that you have legal status in the United States.

**Plaintiffs' Response**:  [Plaintiffs] object to this Interrogatory because it is not relevant to any claim or defense in this action. Further [plaintiffs] object because the Interrogatory is not calculated to lead to the discovery of admissible evidence. Finally [plaintiffs] object because the Interrogatory is designed solely to harass.

**Metropolitan's Position**:  This information is directly relevant to plaintiffs' eligibility for damage awards and there is no basis for plaintiffs to withhold it. *See, e.g.,* Hoffman Plastic Compounds v. NLRB, 535 U.S. 137, 150-151 (2002) (award of backpay to undocumented workers foreclosed by federal immigration policy); *Rivera v. NIBC O,*

NEW YORK, NEW YORK          DENVER, COLORADO          RIDGEWOOD, NEW JERSEY

## McElroy, Deutsch & Mulvaney, LLP

Honorable Patty Schwartz U.S.M.J.
Lui v. Oriental Buffet et al
February 7, 2006
Page 2

Inc., 384 F.3d 822, (9th Cir. 2004) (reversing the Magistrate's Order protecting plaintiffs from divulging their immigration status and holding that undocumented plaintiffs could not recoup lost wages), cert. den., 125 S. Ct. 1603 (2005); *Crespo v. Evergo Corp.*, 366 N.J. Super. 391, 401-02 (App. Div.) (it is the illegality of plaintiff's employment which precludes both economic and non-economic damages she claims resulted from the termination of that employment), *certif. den.*, 180 N.J. 151, (2004).

The information on plaintiffs' immigration status is certainly reasonably calculated to lead to the discovery of admissible evidence. Should plaintiffs wish to later argue that the law regarding damages recovery for undocumented workers entitles them to recovery, they are free to do so at the appropriate time. However, their belief that their immigration status is not relevant does not protect this information from discovery.

**Plaintiffs' Position:** There is absolutely no basis for Defendant's claim that Plaintiffs' *current* immigration status has any relevance whatsoever to a claim against a past employer. Under any theory of damages, Plaintiffs' *current* immigration status is clearly irrelevant. *De La Rosa v. Northern Harvest Furniture*, 210 F.R.D. 237 (C.D. Ill. 2002) (denying defendants' motion to compel disclosure of plaintiffs' current immigration status in a Title VII, FLSA, and state law action).

As an initial matter, the cases cited by Metropolitan all address the relevance or discoverability of immigration status <u>at the time of the plaintiffs' employment</u> because there is no precedent in support of Defendant's proposition that Plaintiffs' *current* visa and immigration status is relevant or discoverable. Metropolitan flagrantly misstates the case law to support its position, going so far as to cite the *dissent* to a denial of rehearing *en banc* in *Rivera v. NIBCO, Inc.*, 384 F.3d 822, (0th Cir. 2004) as its *holding*. Contrary to Defendants' apparent understanding, *Rivera v. NIBCO. Inc.*, 364 F.3d 1057 (9th Cir. 2004), <u>upheld</u> a Magistrate Judge's entry of a protective order precluding the employer from inquiring about plaintiffs' immigration status during discovery in a Title VII and state law action. Metropolitan similarly misrepresents the holding of *Hoffman Plastics Compounds, Inc. v. NLRB*, 122 S. Ct. 1275 (2002), which narrowly held that the National Labor Relations Board could not, under the National Labor Relations Act, award reinstatement and back pay for work not performed to individuals who were not authorized to work <u>during the period of their employ</u>. Unlike the plaintiffs in *Hoffman*, the Plaintiffs here are not seeking reinstatement, backpay for work not performed, or other prospective or other injunctive relief. Metropolitan also improperly relies on the holding of *Crespo v. Evergo Corp.*, 841 A.2d 471 (N.J. App. Div. 2004), where the court held that undocumented immigrants were not entitled to damages resulting from their <u>termination</u> from employment. Here, unlike in *Crespo*, Plaintiffs are not seeking compensation for wrongful termination. Metropolitan's inquiry is solely calculated to harass and intimidate Plaintiffs.

# MCELROY, DEUTSCH & MULVANEY, LLP

Honorable Patty Schwartz U.S.M.J.
Lui v. Oriental Buffet et al
February 7, 2006
Page 3

**B.    Interrogatory No. 14**: Identify all positions held by you as an employee or as an independent contractor between January 2001, and the present and for each position, state:

(a)    The name of the person or company for whom you performed services;

(b)    Income earned; and

(c)    The length of time you worked for that person or entity.

**Plaintiffs' Response:**    [Plaintiffs] object to this Interrogatory because it is overly broad, unduly burdensome, oppressive and designed solely to harass. [Plaintiffs] further object because the information sought by the Interrogatory is not relevant to any claim or defense in this action, nor is the request calculated to lead to the discovery of admissible evidence.

**Metropolitan's Position**: Plaintiff's counsel has objected to providing this information stating that plaintiff's sole claim for economic damages is for alleged unpaid wages while employed at Oriental Buffet and, therefore, her subsequent employment history will not lead to the discovery of admissible evidence.  Metropolitan Buffet disagrees.  Metropolitan should be allowed the opportunity to examine plaintiffs' subsequent employment history and to speak with other employers in order to determine whether the plaintiffs have made other similar claims or have spoken to anyone about the allegations in this case.  Furthermore, we do not know whether plaintiffs are alleging that they were too emotionally distraught to find other employment. In addition, we are entitled to discover whether they have provided the necessary I-9 documentation to establish eligibility to work in this country.

Furthermore, the plaintiffs have asserted a claim under the New Jersey Law Against Discrimination. It is not clear at this early stage whether their claims include an allegation of back pay or front pay.  Mitigation of damages is an essential defense to such claims and plaintiffs should not be able to withhold this information.

**Plaintiffs' Position:**  Whether Plaintiffs have made legal claims against other employers or have spoken to anyone about the allegations in this case is wholly irrelevant to the claims presently before the court.  Plaintiffs' damages relate solely to compensation they did not receive for work they performed as employees of Oriental

## McElroy, Deutsch & Mulvaney, LLP

Honorable Patty Schwartz U.S.M.J.
Lui v. Oriental Buffet et al
February 7, 2006
Page 4

Buffet, Inc. Plaintiffs reiterate, as they have on several previous occasions, that they are not seeking any damages -- including back pay for work not performed, front pay, reinstatement, or other prospective or injunctive relief -- for the period subsequent to their employment with Oriental Buffet, Inc. Thus, any inquiries into Plaintiffs' subsequent employment, mitigation of damages, immigration status, and whether Plaintiffs were "too emotionally distraught to find other employment" are irrelevant. Judge Wolin addressed this very issue in *Wakodikar v. Dias*, Civil Action No. 01 Civ. 3919, and found, in a case in which the plaintiff agreed to seek wages only for work actually performed, that production of a plaintiff's employment information and an inquiry into the plaintiff's mitigation of damages was irrelevant because the court's inquiry was confined to the period of the plaintiff's employment with the defendants. *Wakodikar v. Dias*, Civil Action No. 01 Civ. 3919, unpublished Opinion and Order of United States District Court Judge Alfred M. Wolin, Jan. 6, 2003. *See also Perry v. Best Lock Corp.*, 1999 WL 33494858 (S.D. Ind. Jan. 21, 1999) (denying defendants' requested discovery of information concerning plaintiff's other employers because of the threat such discovery posed to plaintiff's current and future employment); *Thompson v. Glenmeade Trust Co.*, 1995 WL 752422, at *2 n. 4 (E.D. Pa. 1995) (noting that courts impose greater restrictions on discovery that burdens third parties). In this case, Defendants' insistence on obtaining Plaintiffs' employment information is not motivated by a need for relevant information, but rather, by a desire to harass Plaintiffs and invade their privacy.

## II. Plaintiffs' Request for Documents to Metropolitan:

A. **Document Request No. 7**: Copies of all financial statements, both audited and unaudited, concerning Oriental Buffet or Metropolitan Buffet.

**Response**: Metropolitan Buffet has no financial statements of Oriental Buffet and objects to the production of its own financial statements as not being reasonably calculated to lead to the production of admissible evidence.

**Plaintiffs' position**: The information sought is directly relevant to whether or not Metropolitan is the alter-ego, or continuation of Oriental Buffet, Inc. Further the information is relevant to whether or not the transfer of assets to Metropolitan was fraudulent. The revenue generated by the restaurant is directly related to the value of the assets it purchased. If the value of the assets exceed the value of the consideration received therefore, it is indicative that the transfer was fraudulent. Further, the information may show whether or not any of the OBI Defendants retained an interest in Metropolitan after the transfer. Finally, the information is relevant to Metropolitan's ability to pay damages.

## MCELROY, DEUTSCH & MULVANEY, LLP

Honorable Patty Schwartz U.S.M.J.
Lui v. Oriental Buffet et al
February 7, 2006
Page 5

**Metropolitan's position**:  The determination of whether the consideration paid for the assets has nothing to do with the financial statements of Metropolitan.  Whether a transfer is fraudulent depends, in part, upon whether adequate consideration was paid.  The adequacy of consideration is determined looking at the assets that were sold – not the future income earned by the purchasing business.  In this case, the assets sold were: "All furniture, fixtures and machinery currently located at the restaurant premises at the Ramapo Plaza Shopping Center, 781 Hamburg Turnpike, Wayne, New Jersey 07470."  This was specified in the contract of sale.  The future revenues of the new restaurant that was opened after the assets were purchased are irrelevant and cannot lead to the discovery of admissible evidence.  There are too many variables to the income produced by a new restaurant – even in a location where a prior restaurant had operated.  Therefore, the financial statements of the new business cannot lead to the discovery of admissible evidence.  The real question the plaintiffs need to ask is whether the value paid for the furniture, fixtures and machinery was fair or adequate.

Another factor in determining whether a transfer was fraudulent is whether the transferor was rendered insolvent.  The transferors were Oriental Buffet and its the owners.  If they were not left insolvent, *i.e.* judgment proof, due to the sale of assets, then the transfer cannot be fraudulent.  *See N.J.S.A.* 25:2-20 *et seq.*  There is no issue but that the sale price of $36,000 was paid to the sellers.  Therefore, it is impossible for plaintiffs to argue that the sale left them insolvent.  Furthermore, the financial statements showing Metropolitan's income after the sale has no bearing on the insolvency of the Oriental Buffet defendants and, again, cannot lead to the discovery of admissible evidence.

Finally, whether Metropolitan can or cannot pay any eventual judgment against it is not the proper subject for discovery in this litigation.  It can only be a proper subject once a judgment is entered and a collection action begun.

    **B.**   **Document Request No. 8**:    Any valuation of, or any other document which shows the monthly income and expenses of Oriental Buffet, its predecessors, or Metropolitan Buffet.

**Response**:  Metropolitan Buffet has no financial statements of Oriental Buffet and objects to the production of its own financial statements as not being reasonably calculated to lead to the production of admissible evidence.

**Plaintiffs' position**:  The information sought in this request is discoverable for the same reasons set forth above with regard to Request No. 7, and is further relevant because the information may show that Metropolitan continues to funnel profits to Oriental Buffet, Inc., or its former directors and officers.

McELROY, DEUTSCH & MULVANEY, LLP

Honorable Patty Schwartz U.S.M.J.
Lui v. Oriental Buffet et al
February 7, 2006
Page 6

**Metropolitan's position**:  Metropolitan relies upon its position statement above in response to Document Request No. 7.  Metropolitan adds that the question of whether it "continues to funnel profits to Oriental Buffet, Inc., or its former directors and officers" is not sufficient reason to require it to produce any financial statements at this time.  No basis for such a fishing expedition has been proffered.  If, after depositions and/or examination of the financial records of the individual defendants, plaintiffs believe they have a sufficient basis for such as belief, they can certainly return to the court with this renewed request.  But at this time, there is no showing of any basis to allow such an intrusion.

Finally, this is a question that should first be asked in deposition or in interrogatories.  It has not and jumping to the disclosure of financial records with no legitimate basis is unwarranted.

C.   **Document Request No. 9**:     Any documents that show the ownership interest of any of the OBI Defendants, their family (whether by blood or marriage), or any other person, in Oriental Buffet or Metropolitan Buffet, including but not limited to organizational charts; certificates or articles of incorporation or partnership, partnership or shareholders' agreements; by-laws; or other documents concerning the distribution of the profits or the proceeds of Oriental Buffet or Metropolitan Buffet.

**Response:**  Metropolitan Buffet objects to this Request to the extent that it suggests that Oriental Buffet or any person with an ownership interest in Oriental Buffet has an ownership interest in Metropolitan Buffet. All documents related to the asset sale between Metropolitan Buffet and Oriental Buffet were previously produced with Metropolitan Buffet's initial disclosures.

**Plaintiffs' position**:  Metropolitan's response indicates that it has already disclosed only those documents related to the asset sale, but does not state that it has, or will, produce documents concerning the distribution of profits and proceeds of the restaurant.  Such information is relevant to the extent it may show that Metropolitan continues to funnel profits to Oriental, or its former directors and officers.

**Metropolitan's position**:  For the same reasons stated in opposition to Document Requests 7 and 8, Metropolitan also objects to producing any documents concerning the distribution of its proceeds or profits.  Plaintiffs have never even asked Metropolitan whether it was paying any proceeds from the restaurant to any of the individual owners of OBI.  If that question was asked, the answer would be "no."  Thus, again, without any basis for the assertion that profits continue to be paid to any of the former owners of OBI, this Request is improper as a fishing expedition.

## MCELROY, DEUTSCH & MULVANEY, LLP

Honorable Patty Schwartz U.S.M.J.
Lui v. Oriental Buffet et al
February 7, 2006
Page 7

III.    Depositions

**Plaintiffs' Position**:  Because several discovery requests remain outstanding, Plaintiffs are not yet in a position to depose the OBI Defendants.  Metropolitan has agreed to produce additional documents once its owner returns to the United States. Until Plaintiffs receive such documents, depositions of the individual OBI Defendants is premature.  Further, as Metropolitan's owner is in China, Plaintiffs have been unable to depose a representative of Metropolitan pursuant to Federal Rule 30(b)(6). Accordingly, Plaintiffs request that the deadline to complete depositions prior to the settlement conference be extended from February 14, 2006 to March 14, 2006, with a corresponding extension of the ultimate discovery deadline.

**Metropolitan's Position**:  Metropolitan has no objection to extending the discovery deadlines because of the unavailability of its sole shareholder.  However, Metropolitan disagrees with the proposition that no depositions can take place until its sole shareholder can be deposed.  There are many individual defendants with information relevant to the underlying claims and information relevant to the asset sale and there is no reason to delay their depositions.

Respectfully submitted,

MCELROY, DEUTSCH & MULVANEY, LLP

Donna duBeth Gardiner

LOWENSTEIN SANDLER

GEORGE PATTERSON

cc:    Steven Mannion, Esq.
       Lenora Lapidus, Esq.
       Claudia Flores, Esq..
       Richard D. Wilkinson, Esq.

# McElroy, Deutsch & Mulvaney, LLP

Honorable Patty Schwartz U.S.M.J.
Lui v. Oriental Buffet et al
February 7, 2006
Page 7

## III.   Depositions

**Plaintiffs' Position:**  Because several discovery requests remain outstanding, Plaintiffs are not yet in a position to depose the OBI Defendants.  Metropolitan has agreed to produce additional documents once its owner returns to the United States.  Until Plaintiffs receive such documents, depositions of the individual OBI Defendants is premature.  Further, as Metropolitan's owner is in China, Plaintiffs have been unable to depose a representative of Metropolitan pursuant to Federal Rule 30(b)(6).  Accordingly, Plaintiffs request that the deadline to complete depositions prior to the settlement conference be extended from February 14, 2006 to March 14, 2006, with a corresponding extension of the ultimate discovery deadline.

**Metropolitan's Position:**  Metropolitan has no objection to extending the discovery deadlines because of the unavailability of its sole shareholder.  However, Metropolitan disagrees with the proposition that no depositions can take place until its sole shareholder can be deposed.  There are many individual defendants with information relevant to the underlying claims and information relevant to the asset sale and there is no reason to delay their depositions.

Respectfully submitted,

McElroy, Deutsch & Mulvaney, LLP

Donna duBeth Gardiner

Lowenstein Sandler

George Patterson

cc:   Steven Mannion, Esq.
      Lenora Lapidus, Esq.
      Claudia Flores, Esq..
      Richard D. Wilkinson, Esq.